Michael C. SICULIETANO, Appellee

v.

**K & B AMUSEMENTS CORP. and M & J Amusements Corp., Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2006.

Filed Dec. 29, 2006.

Eric L. Hamill, Milford, for appellants.

Brandon R. Reish, Stroudsburg, for appellee.

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment entered in the Court of Common Pleas of Monroe County in favor of Appellee in the amount of $249,047.04. Appellants argue (1) the trial court erred in sustaining Appellee's objections on the basis of the Dead Man's Rule, 42 Pa.C.S.A. § 5930, (2) to the extent the first issue is waived, the trial court erred in denying Appellants' January 18, 2006 petition in which Appellants sought to amend their post-trial motion, (3) the trial court erred in failing to enforce the May 16, 2001 agreement on the basis there was no consideration, and (4) the trial court erred in failing to join all indispensable parties. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On April 23, 2004, Appellee filed a complaint in ejectment against Appellants. Appellee alleged that Appellants and Charles A. Scipio entered into a lease agreement on May 12, 2000, whereby Appellants would occupy a property and pay rent to Mr. Scipio. On May 28, 2002, Mr. Scipio died and devised the subject property to Appellee. After Mr. Scipio's death, Appellee discovered that Appellants had stopped paying rent, and after being told to do so, Appellants refused to surrender the premises. Appellee sought the ejectment of Appellants from the premises, as well as the payment of rent owed under the May 12, 2000 lease agreement.

¶ 3 In their answer, with included a counterclaim to quiet title, Appellants averred that Mr. Scipio left the subject property as an *inter vivos* gift to Joseph J. and Madonna E. Pandolfo by an instrument executed on May 16, 2001, which indicated the following in its entirety:

May 16, 2001, on this day I, Charles Scipio, have agreed to stop charging rent to Joseph J. Pandolfo [K & B Amusement and M & J Amusements] for the land they/he rent from me on Rt. 611 in Bartonsville, PA. This rent relief is based on the fact that I have decided to will this land to Joseph J. Pandolfo and Madonna E. Pandolfo. Pending this title transfer, I have decided not to charge the present day rent. This agreement will start as of June 2001, and will continue as long as Joseph J. Pandolfo and or his successors occupy the land. This agreement cannot be withdrawn or cancelled and will be binding from this day forward, to any and all who come after me. This agreement supersedes any and all written agreements between myself and Joe.[1]

---

1. The signatures of Charles Scipio, Joseph J. Pandolfo, and Madonna Pandolfo appear at the bottom of the document.

¶ 4 The matter proceeded to a bench trial on October 26, 2005, and by order and opinion filed on December 12, 2005, the trial court (1) found in favor of Appellee on his action in ejectment, (2) awarded Appellee damages in the amount of $249,047.04, which represented the unpaid rent from June 2002 to December 2005, plus 6% interest, and (3) denied Appellants' counterclaim to quiet title. On December 20, 2005, Appellants filed a post-trial motion averring (1) Appellants relied on the May 16, 2001 lease agreement to their great detriment by making improvements to the property, (2) the May 16, 2001 agreement created an unrecorded life estate to Appellants under 21 P.S. § 351, and since Appellee received his interest in the property by will, he took the property subject to the encumbrance, (3) Appellee is bound by the May 16, 2001 agreement by virtue of his status as a heir, and (4) assuming, *arguendo,* Appellee is entitled to possession of the property, he is bound by the May 16, 2001 agreement, which modified the contract between Mr. Scipio and Appellants, since Appellants gave consideration and relied upon the agreement. Appellants also requested that the notes of testimony be transcribed so that they could raise any other errors which may be disclosed by the transcript. On January 9, 2006, the trial court filed an order directing the Official Court Reporter to transcribe the October 26, 2005 notes of testimony; however, the trial court indicated that Appellants paying the transcription fee of $275.00 was a condition precedent to the testimony being transcribed. The trial court set a hearing date for the post-trial motions.

¶ 5 New counsel subsequently entered his appearance on behalf of Appellants, and on January 18, 2006, he filed a petition seeking to have the October 26, 2005 notes

of testimony transcribed, a continuance of the hearing, and permission to file amended post-trial motions following receipt of the notes of testimony. By order filed on January 20, 2006, the trial court denied Appellants' motion, indicating that the transcripts were unavailable due to Appellants failing to post the $275.00 transcription fee. Subsequently, by opinion and order filed on March 30, 2006, the trial court denied Appellants' post-trial motions, and this timely appeal followed. On May 8, 2006, the trial court ordered Appellants to file a Pa.R.A.P.1925(b) statement, Appellants filed a timely statement, and the trial court filed a Pa.R.A.P.1925(a) opinion. Judgment was entered on June 1, 2006, thereby perfecting our jurisdiction.

¶ 6 Appellants first claim that the trial court erred in sustaining Appellee's objections, which were made on the basis of the Dead Man's Rule, 42 Pa.C.S.A. § 5930. As Appellants acknowledge, the issue was not specifically raised in Appellants' post-trial motion.

[A] party must file a post-trial motion from a trial court's decision and order following the conclusion of a trial. The purpose of Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. **If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.**

*Warfield v. Shermer,* 910 A.2d 734, 737 (Pa.Super.2006) (emphasis in original). *See Sovereign Bank v. Valentino,* 914 A.2d 415 (Pa.Super.2006) (holding specific issues must be raised in a post-trial motion following a bench trial in a civil matter or the issues are waived).[2]

---

**2.** We note that Appellants raised this issue in their brief supporting their post-trial motions;

however, the trial court refused to address the issue in its opinion since the issue was not

¶ 7 We find unavailing Appellants' argument that they sufficiently preserved their Dead Man's Rule claim by stating in their post-trial motion they were raising "[s]uch other errors as may be disclosed by a transcript of the trial." Pennsylvania Rule of Civil Procedure 227.1(b)(2) indicates that the grounds for post-trial relief must be specified in the motion, and "[g]rounds not specified are deemed waived. . . ." In addition, the Comment to Pa.R.Civ.P. 227.1 states, "In requiring the motion to state the specific grounds therefore, motions which set forth mere 'boilerplate' language are specifically disapproved. A post-trial motion must set forth the theories in support thereof 'so that the lower court will know what it is being asked to decide.' " *See Treasure Lake Property Owners Association, Inc. v. Meyer,* 832 A.2d 477 (Pa.Super.2003) (holding that issues must be raised specifically in post-trial motion).

■ ¶ 8 Moreover, anticipating this Court would find their specific Dead Man's Rule claim to be waived, Appellants next argue that the trial court erred in denying their January 18, 2006 petition, in which Appellants' substitute counsel sought a continuance of the hearing scheduled for Appellants' post-trial motions and permission to file a post-trial motion *nunc pro tunc.* The basis on which Appellants sought relief was that the notes of testimony from Appellants' October 26, 2005 bench trial had not yet been transcribed. In denying the January 18, 2006 petition, the trial court indicated that, on January 9, 2006, it had specifically directed Appellants

to post the transcription fee as a condition precedent to the notes of testimony being transcribed, and Appellants' failure to do so resulted in the transcripts being unavailable. In its Pa.R.A.P.1925(a) opinion, the trial court noted the following regarding this subject:

The assertions contained in Paragraph 1 a-d that the trial court abused its discretion and/or erred as a matter of law (court refused to allow for substitute counsel to receive a copy of the trial transcript to aid in preparation of the post-trial motions and brief and to expand time for briefing; and prohibited of amending post-trial motions) are misleading and unfounded. John J. Schneider, Esq., who undertook representation of Defendants in the post-trial proceedings, was well-aware of the time constraints imposed by the court. Briefly, Defendants were represented at trial by Scott Amori, Esq. On December 12, 2005, we entered a verdict against Defendants and awarded Plaintiff immediate possession of the property and damages in the amount of $249,047.04. On December 20, 2005, Attorney Amori filed Post–Trial Motions and a Praecipe for Argument List.

By Order dated January 9, 2006, this court directed the official court reporter to transcribe the notes of testimony which occurred in the trial on October 26, 2005, and provide the parties with a copy of the transcript upon payment of the applicable costs. As a condition precedent to starting transcription, Defendants were directed to post with the

---

raised in the post-trial motion. *See In re Estate of Schmidt,* 408 Pa.Super. 353, 596 A.2d 1124 (1991) (holding that issues raised in briefs supporting post-trial motions but not in the post-trial motion are waived); *In re Trust of Bachman,* 338 Pa.Super. 546, 488 A.2d 27 (1985) (same). Moreover, the fact Appellants raised this issue in their court-

ordered Pa.R.A.P.1925(b) statement did not relieve Appellants of their duty to raise the issue in their post-trial motion. *See Diener Brick Company v. Mastro Masonry Contractor,* 885 A.2d 1034 (Pa.Super.2005) (holding that raising the issue in a Pa.R.A.P.1925(b) statement is not an adequate substitute for raising the issue in a post-trial motion).

court reporter the sum of $275.00 within ten days of the date of the Order. Further, Defendants were directed to file a brief on or before January 27, 2006, and Plaintiff's brief was to be filed on or before February 3, 2006. Oral argument was scheduled for February 6, 2006. It was further directed that: "Strict compliance with the deadlines set forth above is required to insure timely disposition of Defendants' Post–Trial Motion."

In mid-January, John J. Schneider, Esq. telephoned chambers to inform the court that he would be undertaking representation of Defendants, and inquired as to the availability of the trial notes of testimony. He was informed of the contents of the January 9, 2006 Order, including the deadlines set forth. He was also informed that the notes of testimony had not been transcribed since Defendants failed to post the required deposit.[3] Further, Attorney Schneider indicated that he was considering requesting an extension of time within which to file supplemental post-trial motions and/or briefs. Attorney Schneider was advised that the timeline set forth in the January 9th Order was established to enable the court to comply with the 120–day rule mandated by Pennsylvania Rule of Civil Procedure; and further, due to press of business (the undersigned judge presiding at a three week murder trial commencing February 8, 2006), strict compliance within the timeline was required.

Nonetheless, on January 18, 2006, Attorney Schneider filed a Notice of Substitution of Counsel on Behalf of [Appellants] and filed a petition for extension of time. The Petition was denied by Order dated January 20, 2006, on the basis set forth above.

Trial Court Opinion filed 6/7/06 at 1–4 (footnote in original).

¶ 9 Aside from stating the facts surrounding the denial of Appellants' January 18, 2006 petition, Appellants have set forth no reason as to why the trial court abused its discretion in this regard. Consequently, we conclude the trial court did not err in denying the petition, and Appellants' claim regarding the Dead Man's Rule is waived.

¶ 10 Appellants' next claim is that the trial court erred in failing to enforce the May 16, 2001 agreement on the basis there was no consideration. Specifically, citing to 33 P.S. § 6, Appellants claim that lack of consideration was not a valid defense since the May 16, 2001 agreement contained a seal or clause indicating that "[t]his agreement cannot be withdrawn or canceled and will be binding from this day forward to any and all who come after me." In the alternative, Appellants argue that there was sufficient consideration for the May 16, 2001 agreement in that the Pandolfos agreed to maintain the real estate in exchange for not paying rent.

¶ 11 Regarding Appellants' claim that no consideration was necessary since there was a seal or clause in the May 16, 2001 agreement indicating the agreement would be legally binding, we find this specific issue to be waived. The issue was not raised in Appellant's post-trial motions, and consequently, the issue was not addressed by the trial court in its opinion. *See Treasure Lake Property Owners Association, Inc., supra.*

---

**3.** [O]n January 18, 2006, the court reporter received a check from Attorney Amori in the amount of $275.00.

¶ 12 Regarding Appellants' claim that the May 16, 2001 agreement was supported by consideration since the Pandolfos agreed to maintain the real estate, we conclude the trial court has aptly addressed this issue and rely on the trial court's opinions in this regard. Trial Court Opinion filed 3/30/06 at 3–13;[4] Trial Court Opinion filed 12/12/05 at 11.

¶ 13 Finally, Appellants claim the trial court erred in failing to join all indispensable parties, namely the Pandolfos. We find the issue to be waived.

¶ 14 Appellants failed to raise this issue in their post-trial motions. *See Treasure Lake Property Owners Association, Inc., supra.* Moreover, aside from making a passing reference to the fact the Pandolfos were not joined individually as indispensable parties to the litigation, Appellants' Brief at 11, Appellants have failed to develop any appellate argument regarding this claim. *See* Pa.R.A.P. 2119.

¶ 15 For all of the foregoing reasons, we affirm.

¶ 16 Affirmed.

---

4. In discussing the evidence presented concerning consideration, the trial court noted that it precluded certain testimony under the Parol Evidence Rule and the Statute of Frauds. In the "Statement of Questions Involved" portion of their appellate brief, Appellants indicate the trial court erred in its application of these two rules. However, aside from making passing references to the two rules, Appellants' Brief at 10, 12, Appellants have developed no appellate argument regarding the claim, and therefore, we find any issue relating thereto to be waived. Pa.R.A.P. 2119.