J-A29021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HELEN LEWANDOWSKI AND ROBERT A. LEWANDOWSKI, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DECEASED HELEN LEWANDOWSKI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHELLE MORETTI AND LOUIS ULMER, APPEAL OF MICHELLE MORETTI | |
| Appellant | No. 1887 WDA 2014 |

Appeal from the Judgment Entered August 27, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): AR-14-001328

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 12, 2016**

Michelle Moretti filed this appeal after Appellee Robert Lewandowski, individually and in his capacity as executor of the estate of his deceased wife Helen Lewandowski, prevailed at a nonjury trial and received an award in the amount of $17,497.50 against Appellant.  We affirm.

On June 11, 2014, Appellee[1] filed a complaint against Louis Ulmer and Ms. Moretti, containing the following allegations.  The Lewandowskis resided

_____

[1] While Helen Lewandowski was also a named plaintiff, the complaint indicated that she died on December 28, 2013.  "A deceased person cannot
*(Footnote Continued Next Page)*

at 3442 Bismark Street, Pittsburgh. Ms. Moretti and Mr. Ulmer ("the defendants") jointly owned and operated an unincorporated business that was engaged in contracting and building repairs. From June 27, 2013 through mid-August 2013, the Lewandowskis contracted with the defendants on four occasions to construct and/or repair various items at the Bismark Street property, which were not performed properly or at all.

Jesse D. Pettit entered his appearance on behalf of the defendants and filed an answer, new matter, and counterclaim. Appellee filed the appropriate response. The matter was scheduled to proceed to arbitration on October 30, 2014. However, on October 14, 2014, Mr. Pettit filed a suggestion of bankruptcy as to Mr. Ulmer. A transcript of the October 30, 2014 proceeding establishes that neither Appellant nor Mr. Pettit appeared on that date, when a nonjury trial was held before the Honorable Joseph James.[2]

_(Footnote Continued)_ ───────────────────────

be a party to an action commenced after his or her death." **Glover v. State Farm Mut. Auto. Ins. Co.**, 2950 A.2d 335, 339 (Pa.Super. 2008). Thus, Mr. Lewandowski, both individually and as representative of his deceased wife's estate, is legally the only party plaintiff herein.

[2] Pa.R.C.P. 1303(a)(2) permits an case scheduled for arbitration to proceed immediately to a nonjury trial where one or more of the parties fails to appear, as follows:

> The local rule may provide that the written notice [given at least thirty days in advance of the date, time, and place for an arbitration hearing] include the following statement:

_(Footnote Continued Next Page)_

Appellee and his attorney were present and since "Mr. Ulmer filed a bankruptcy," Appellee elected to proceed "solely against Ms. Moretti." N.T., 10/30/14, at 3. A factual summary of Appellee's testimony was presented. In June 2013, he and his wife entered a series of contracts for repairs with Mr. Ulmer and his partner, Ms. Moretti. There were a total of four jobs, two of which were substantially completed but with defects. On one job, Mr. and Mrs. Lewandowski paid $11,913.78, but the defendants performed no work on that project. The defendants did leave behind $2,000 in materials, which were subsequently used. To repair the defective work on the two projects that were completed, Mr. Lewandowski hired another contractor and paid him $5,300. Mr. Lewandowski requested attorney's fees and a total award of $17,497.50. A non-jury verdict was entered on October 30, 2014, in the amount of $17,497.50 against Appellant.

Mr. Pettit filed a timely post-trial motion on November 5, 2014. That document set forth the following. This matter was scheduled for arbitration

_(Footnote Continued)_ ────────────

> "This matter will be heard by a board of
> arbitrators at the time, date and place specified but,
> if one or more of the parties is not present at the
> hearing, the matter may be heard at the same and
> date before a judge of the court without the absent
> party or parties. There is not right to a trial _de novo_
> on appeal from a decision entered by a judge."

Allegheny County Local Rule number 1303 outlines the requirements for the contents of the notice of an arbitration hearing and contains the language outlined in Pa.R.C.P. 1303(a)(2).

on October 30, 2014. On October 9, 2014, represented by Paul McElrath, Esquire, Mr. Ulmer filed for bankruptcy. Mr. McElrath told Appellant that the filing would operate as an automatic stay of this proceeding as to both Mr. Ulmer and her. Based on this information from Mr. McElrath, Appellant instructed Mr. Pettit "to perform no additional work in the above-captioned matter except to notify the Court of the bankruptcy proceeding." Post-Trial Motion, 11/5/14, at ¶ 9.

The post-trial motion continued as follows. In accordance with Appellant's instructions, Mr. Pettit filed the suggestion of bankruptcy as to Mr. Ulmer in this case on October 14, 2014. Appellant did not appear at the October 30, 2014 arbitration, and Mr. Pettit also did not attend that proceeding since he had not been told to do so by Appellant, as "she believed all proceedings relating to the above-captioned case had been stayed based on the advice of Attorney McElrath." *Id*. at ¶ 11. Appellant was not aware that the matter was not stayed as to her until she received notice of the October 30, 2014 verdict. The post-trial motion was denied, and this timely *pro se* appeal followed.[3] Mr. Pettit thereafter withdrew his

_____

[3] After the appeal was filed, this Court received a supplemental record indicating that, on August 27, 2015, Ms. Moretti had the prothonotary enter judgment on the verdict against her. Since this appeal was filed "after the announcement of a determination but before the entry of an appealable order," it is "treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). For this reason, we deny Appellee's request to quash this appeal due to Appellant's failure to enter judgment on the verdict, and
*(Footnote Continued Next Page)*

appearance. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and she complied.

The trial court authored an opinion wherein it did not address the merits of the post-trial motion. Its ruling was premised upon the fact that no legal authority or argument had been presented therein that indicated that Appellant was entitled to a new trial because a bankruptcy attorney incorrectly informed her that these proceedings were stayed against her. Trial Court Opinion, 2/11/15, at 2 (In her post-trial motion, "Defendant did not raise any legal issues or argument except that she was told not to come to court because the case would not be heard."). On appeal, Appellant raises this position:

> 1. Did the lower court err by denying the appellant's Motion for Post-Trial Relief when the appellant failed to appear for an arbitration hearing after being told by her attorney that the case had been continued and stayed because of a party's filing for bankruptcy and that the continuance and stay had been consented to by the opposing attorney.

Appellant's brief at 4.

Appellant seeks a new trial. When we review the trial court's decision to either grant or deny a new trial, we apply an abuse-of-discretion standard of review. *Czimmer v. Jansen Pharmaceuticals, Inc.*, 122 A.3d 1043 (Pa.Super. 2015). "[A]bsent a clear abuse of discretion by the trial court,

_(Footnote Continued)_ ───────────────

we have changed the caption to reflect that this appeal is from the final order entered in this case, the judgment entered against Appellant.

appellate courts must not interfere with the trial court's authority to grant or deny a new trial." *Id*. at 1051. We engage in a two-part analysis in this setting. We determine first whether error occurred and, then, "whether the error resulted in prejudice necessitating a new trial." *Id*.

On appeal, Appellant's argument is materially different from that presented in her post-trial motion. She avers in her appellate brief that Mr. Pettit advised her not to appear and that he was negligent. Appellant's brief at 9. Appellant also accuses Appellee's counsel, Marc Rosenwasser, Esquire, of inducing Mr. Pettit into a belief that Mr. Rosenwasser did not intend to proceed on October 30, 2014. Specifically, she maintains that "there is strong evidence that Rosenwasser was acting improperly, by telling Pettit that he would not appear, or, at least, giving the impression to Pettit that he would not appear." *Id*.

In her post-trial motion, Appellant did not argue **she** was told not to appear by **Mr. Pettit** and that Mr. Pettit was misled by Mr. Rosenwasser. Her position was actually the opposite of that factual scenario. In the motion, Appellant outlined that Mr. Ulmer's bankruptcy attorney told her that this action was stayed and that **she** told **Mr. Pettit** not to come to the October 30, 2014 proceeding. Mr. Pettit prepared the post-trial motion and never suggested that Mr. Rosenwasser improperly led him to believe that Mr. Rosenwasser would not prosecute this matter on October 30, 2014, against Appellant.

As we observed in *Siculietano v. K & B Amusements Corp.*, 915 A.2d 130, 132 (Pa.Super. 2006) (emphasis in original):

> A party must file a post-trial motion from a trial court's decision and order following the conclusion of a trial. The purpose of Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. **If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.**

*See* Pa.R.C.P. 227.1 (b)(2) ("post trial relief may not be granted unless the grounds therefor . . . are specified in the motion."). Herein, Appellant failed to raise her present factual position in her post-trial motion.

Additionally, in that document, she neglected to set forth any legal authority or argumentation as to why she was entitled to a new trial because she and Mr. Pettit failed to appear based upon erroneous legal advice from Mr. Ulmer's bankruptcy counsel. Finally, Appellant failed to delineate in her post-trial motion any basis for overturning the verdict in favor of Appellee; she did not outline therein that she had any meritorious defenses in this case.

The trial court refused to grant post-trial relief due to Appellant's failure to raise any legal arguments or issues in her motion that would have entitled her to a new trial. It had no opportunity to address the present contentions and correct any error that occurred in the trial court proceedings. In addition to including a contention in a post-trial motion, a party also has an obligation to provide legal argument in support of the contention. We addressed this scenario in *Jackson v. Kassab*, 812 A.2d

1233 (Pa.Super. 2002), where a trial court declined to address positions raised in a post-trial motion as they were not properly developed by argument and reference to appropriate legal authority. The **Jackson** Court observed that the purpose of filing a post-trial motion was to grant the trial court an opportunity to correct an error made at trial. This Court continued that, "To fully effectuate the latter purpose, common sense mandates that any issue raised in a motion for post-trial relief must be briefed and argued to the trial court." **Id**. at 1235. The **Jackson** panel concluded that the trial court did not abuse its discretion in refusing to entertain the merits of undeveloped assertions. This Court opined, "Failure to set forth an argument in briefs filed in the court in support of post-trial motions constitutes a failure to preserve the issue or issues not argued." **Id**. Thus, Appellant's argument on appeal is waived for the additional reason that it was not properly supported by legal authority and advocacy before the trial court.

Appellee's February 19, 2015 Application to Quash this appeal is denied. Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2016</u>