**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES COLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEYSTONE TURF CLUB, INC., BENSALEM RACING ASSOCIATION, INC., GREENWOOD GAMING AND ENTERTAINMENT, INC., D/B/A PARX CASINO, GREENWOOD RACING, INC., TURF CLUB SERVICES, INC., KEYSTONE PARK SERVICES CO., AND PARX CASINO DESIGN, INC. | |
| Appellants | No. 3837 EDA 2016 |

Appeal from the Judgment Entered November 21, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 141201773

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 11, 2018**

Appellant, Greenwood Racing, Inc. ("Greenwood"),[1] appeals from the November 21, 2016 judgment of $150,000 in compensatory and $200,000 in punitive damages entered in favor of Appellee, James Coley.  We remand.

The trial court summarized the facts and procedure in its Pa.R.A.P. 1925(a) opinion:

---

[*] Former Justice specially assigned to the Superior Court.

[1] The remaining captioned Appellants are no longer participating.

On July 31, 2014, at approximately 9:30 p.m., [Appellee] was a customer in the Turf Club, a business for off track betting located at 1635 Market Street in Philadelphia. [Appellee's] Amended Complaint alleged that each of the corporate defendants owned, possessed, maintained, controlled, and operated the Turf Club.

While [Appellee] was at a betting machine, he was verbally threatened and physically beaten and robbed by additional defendants John Gleason Jr. and John Gleason Sr. [Appellee] sustained injuries to his head, eye, leg, ankle, and foot. Before the altercation, John Gleason Jr. had been drinking and had threatened another patron.

[Appellee] sued the corporate defendants for negligently failing to have proper or adequate security in the Turf Club, failing to come to his aid when he was attacked by the Gleasons, failing to remove John Gleason Jr. from the premises after his earlier altercation with a patron, failing to monitor John Gleason Jr.'s later activities in the Turf Club, and continuing to serve the Gleasons alcohol after they became visibly intoxicated. The corporate defendants joined John Gleason Jr. and John Gleason Sr. as additional defendants.

At trial, nonsuits were granted to John Gleason Jr.; John Gleason Sr.; Bensalem Racing Association, Inc.; Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino ["Greenwoord"]; Turf Club Services, Inc.; Keystone Park Services Co.; and Parx Casino Design, Inc. Trial proceeded against Keystone Turf Club, Inc. and [Greenwood].

The jury found in favor of [Appellee] and against Keystone Turf Club and [Greenwood] and awarded compensatory damages in the total amount of $300,000. Liability was apportioned 50 percent for each defendant. The jury separately awarded [Appellee] $200,000 in punitive damages against [Greenwood] only.

[Greenwood] filed a timely motion for post-trial relief; Keystone Turf Club did not seek post-trial relief.

Trial Court Opinion, 3/17/17, at 1-2. The trial court concluded that Greenwood

failed to preserve any issues in its post-trial motion and recommended quashal

- 2 -

of this appeal. *Id.* at 4. The trial court therefore did not address Greenwood's substantive issues.

Greenwood raises four assertions of error, the first of which is as follows:

> Did the trial court err in holding that the post-trial motion of [Greenwood] failed to preserve any issues for review, where (1) no Pennsylvania court has <u>ever</u> found waiver under these circumstances, (2) [Greenwood's] post-trial motion complied with Rule 227.1 by setting forth the grounds for appeal and where those grounds were preserved, and incorporating its own (and only) arguments at trial that the evidence was insufficient for any claim against it, and (3) the trial court could clearly address the issues raised, there was no prejudice, and justice required resolving the case on the merits?

Greenwood's Brief at 4 (underscoring in original). We find Greenwood's first argument meritorious, and therefore remand to the trial court for preparation of an opinion addressing the issues raised in Greenwood's post-trial motion. We do not address Greenwood's remaining issues.

The trial court relied on Rule 227.1(b), which provides as follows:

> (b) Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
>
> > (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and
> >
> > […]
> >
> > (2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

- 3 -

Pa.R.C.P. No. 227.1(b). The explanatory comment to Rule 227.1 indicates: "In requiring the motion to state the specific grounds therefor, motions which set forth mere 'boilerplate' language are specifically disapproved." Pa.R.C.P. No. 227.1, Explanatory Comment—1983. "The purpose of this rule is 'to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error.'" *Chalkey v. Roush*, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*) (quoting *Soderberg v. Weisel,* 687 A.2d 839, 845 (Pa. Super. 1997)), *aff'd*, 805 A.2d 491 (Pa. 2002).

Greenwood's post-trial motion for judgment notwithstanding the verdict alleged that the evidence was insufficient as a matter of law to establish that Greenwood breached a duty to Appellee, that Greenwood's conduct was a legal cause of harm to Appellee, and that Greenwood was liable for punitive damages to Appellee, contending as follows:

1. The [c]ourt erred and abused its discretion in denying [Greenwood's] Motions for Compulsory Non-suit and for Directed Verdict, and should now grant JNOV in favor of [Greenwood], because the evidence taken as a whole, and viewed in the light most favorable to [Appellee] as verdict winner, was insufficient as a matter of law to make out a claim that [Greenwood] owed or breached any duty to [Appellee]. [Greenwood] incorporates herein by reference its Motions for Compulsory Nonsuit and for Directed Verdict, and the related briefing and argument.

2. The [c]ourt erred and abused its discretion in denying [Greenwood's] Motions for Compulsory Non-suit and for Directed Verdict, and should now grant JNOV in favor of [Greenwood], because the evidence taken as a whole, and viewed in the light most favorable to [Appellee] as verdict winner, was insufficient as a matter of law for the jury to find that any alleged breach on the part of [Greenwood] (any such breach being denied) was a legal cause of the harm to [Appellee]. [Greenwood] incorporates herein

- 4 -

by reference its Motions for Compulsory Nonsuit and for Directed Verdict, and the related briefing and argument.

3. The [c]ourt erred and abused its discretion in denying [Greenwood's] Motions for Compulsory Non-suit and for Directed Verdict, and should now grant JNOV in favor of [Greenwood], because the evidence taken as a whole, and viewed in the light most favorable to [Appellee] as verdict winner, was insufficient as a matter of law for a jury to hold [Greenwood] liable for punitive damages. [Greenwood] incorporates herein by reference its Motions for Compulsory Nonsuit and for Directed Verdict, and the related briefing and argument.

Greenwood's Post-Trial Motion, 10/14/16, at ¶¶ 1-3. As is evident from the foregoing, Appellant incorporated by reference the detailed briefing and argument of its prior nonsuit and directed verdict motions. The trial court believed Greenwood's JNOV motion was too boilerplate because of its incorporation by reference of prior arguments. Trial Court Opinion, 11/21/16, at 2. We believe Greenwood's motion was sufficient to apprise the trial court of its arguments in support of JNOV. In concluding otherwise, the trial court relied on inapposite case law.

For example, the trial court relied upon **Hall v. Jackson**, 788 A.2d 390, 401 (Pa. Super. 2001), in which a defendant doctor incorporated by reference the post-trial motion of the co-defendant hospital. On appeal, the doctor challenged the trial court's admission of hearsay testimony from three witnesses. The doctor did not raise the hearsay issue in his post-trial motion, but the hospital did as to two of the three witnesses. **Id.** We noted that failure to include an issue in a post-trial motion results in waiver under Rule 227.1, but we also analyzed the merits of the doctor's argument as to the two

witnesses referenced in the hospital's motion. *Id.* The trial court's reliance on *Hall* is misplaced because the *Hall* Court analyzed the merits of issues that the doctor incorporated by reference in his post-sentence motion.

The trial court also relied on *Therres v. Zoning Hearing Bd. of Borough of Rose Valley*, 947 A.2d 226 (Pa. Cmwlth. 2008), *appeal denied*, 963 A.2d 473 (Pa. 2008). There, the appellants challenged a zoning board order. By statute, a notice of appeal in a land use case must set forth the grounds on which the appellant relies. *Id.* at 231. The appellants' notice incorporated the zoning board's findings and conclusions and asserted that they were erroneous. *Id.* at 231. The Commonwealth Court affirmed the trial court's quashal of the appeal from the zoning board order, reasoning that the statute governing such notices would be rendered meaningless if we held the appellants' notice to be sufficient. *Id.* at 232. *Therres* is distinguishable for two reasons. First, it was governed by a statute that does not apply to the instant matter. Second, there is no indication in *Therres* that the appellants fully developed the arguments at an earlier stage of the proceedings.

Likewise, this Court's opinion in *Siculietano v. K & B Amusements Corp.*, 915 A.2d 130, 133 (Pa. Super. 2006), is distinguishable because the appellant's post-trial motion purported to preserve "such other errors as may be disclosed by a transcript of the trial." On appeal, the appellant attempted to raise an issue under the Dead Man's Act, but that issue was not included in

the appellant's post-trial motion. *Id.* at 132. Boilerplate language such as "such other errors . . . " was not sufficient to preserve the issue. *Id.*

Instantly, in contrast, Greenwood's issues were the subject of detailed argument and briefing at several times during the trial. Greenwood is therefore in a stronger position than the defendant doctor in *Hall*, whose arguments were addressed on the merits even though he incorporated the arguments of a co-defendant. Unlike the appellant in *Siculietano*, Greenwood did not leave the trial court guessing with a vague assertion of "other errors." In summary, nothing in the language of Rule 227.1 or any case law decided thereunder supports the trial court's waiver analysis. We therefore conclude that the trial court erred in deeming Greenwood's issues waived. In light of the trial court's finding of waiver, it did not prepare an opinion addressing the merits of Greenwood's issues. Greenwood, in turn, prepared its brief without the benefit of the trial court's reasons for denying post-trial relief. We remand this matter to the trial court for preparation of an opinion, to be filed with this Court within 60 days of the date of this memorandum, addressing the merits of Greenwood's arguments. We direct the Prothonotary to issue a new briefing schedule upon receipt of the trial court's opinion.

Case remanded. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/11/18</u>