**Dennis WARFIELD and Joni Barnoff, Appellees,**

v.

**Mark SHERMER, d/b/a Shermer Construction Group, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 2006.

Filed Oct. 27, 2006.

Joseph M. Bevecka, St. College, for appellant.

James M. Connelly, St. College, for appellee.

BEFORE: JOYCE, ORIE MELVIN and JOHNSON, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Mark Shermer d/b/a Shermer Construction Group, appeals from the judgment entered in favor of Appellees, Dennis Warfield and Joni Barnoff, in this case involving construction of a house.[1] Upon review, we quash the appeal.

¶ 2 The facts and procedural history may be summarized as follows. Appellees entered into a construction contract with Appellant in April 2003. Pursuant to their contract, Appellant agreed to construct a home for Appellees in Centre County in exchange for payment totaling approximately $220,000 which would be made in 12 weekly installments with a final payment due upon completion. Appellant began construction on or about June 30, 2003.

¶ 3 On August 30, 2003, Appellees made a $16,000 payment to Appellant but stopped payment on the check because Appellant had not been present at the worksite for several days. Appellees then discovered that Appellant was incarcerated beginning on August 28, 2003 having pleaded guilty to driving under the influence in March 2003. Appellees also learned that a 90-day sentence had been imposed on July 11, 2003 for that conviction. Appellees subsequently informed Appellant that he was not permitted to be on the premises and had construction completed by someone else.

¶ 4 Appellees filed a complaint against Appellant on September 25, 2003 seeking damages for breach of contract. Appellant filed an answer with new matter and a counterclaim which also sought damages. After several amended pleadings were filed, Appellant demanded a jury trial on July 2, 2004. Certified Record (C.R.) at 19. A pretrial conference was held on January 19, 2005 after which a jury trial

---

1. Although Appellant purports to appeal from an order, it is well settled that "jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment." *Johnston the Florist, Inc. v. TEDCO Constr. Corp.,* 441 Pa.Super. 281, 657 A.2d 511, 513 (1995). Appellant did cause judgment to be entered on the docket, and we have corrected the caption accordingly to reflect its entry. Nevertheless, for the reasons explained *infra,* the appeal is not properly before this Court on other grounds.

was scheduled for June 20, 2005. C.R. at 20, 21.

¶ 5 The parties appeared before the trial court with counsel on June 20, 2005 and agreed to submit the matter to the trial judge for resolution. Specifically, as the proceedings began, the trial court and counsel clarified the parties' expectations regarding the manner of disposition of their claims as follows:

[COUNSEL FOR APPELLEES]: Thank you, Your Honor. Good morning. We appreciate your willingness to hear this in a summary trial fashion. I appreciate [counsel for Appellant's] cooperation in allowing this to be decided by simply submitting the documents to you with brief argument, having you then review the pleadings and the documents submitted and make a decision.

THE COURT: Do the parties understand as I understand—and if I am wrong, then correct me—that this is the method by which the parties have agreed through their attorneys to have this resolved ultimately, finally, this isn't arbitration, it isn't really a non-jury trial, it's a determination and—this is important I think—from which there is no appeal?

[COUNSEL FOR APPELLEES]: We understand.

THE COURT: I'm not saying, you know, there is no appeal. I am asking, not telling.

[COUNSEL FOR APPELLEES]: That's our expectation.

[COUNSEL FOR APPELLANT]: That's our expectation also.

THE COURT: Expectation meaning that's the way it will be?

[COUNSEL FOR APPELLEES]: Yes, Your Honor.

[COUNSEL FOR APPELLANT]: Yes.

THE COURT: * * * That's the reason I am asking for the record, parties here, they understand that there is no appeal to the Superior Court, and I'm not sure whether there is going to be any method for—and I use the word appeal here in quotes, of course—appeal or take exception to or ask for reconsideration of the decision that I make. And that leads me to another question, but I want to make sure what the parties understand so later there isn't this ["]but I didn't understand it that way. I thought it was this way[."] * * * [W]hat I'm leading to is what do you expect from the Court? More than— and this is a question—more than, question mark, a decision that says decision for the Plaintiff or Defendant in the amount of whatever or are you expecting findings and some conclusions or some explanation of why I decided for or against the Plaintiffs, for or against the Defendant and then on the counterclaim?

[COUNSEL FOR APPELLEES]: It would be our expectation and hope that you would enter a judgment on the Plaintiffs' claim for a dollar amount and a judgment on the Defendant's counterclaim for a dollar amount.

* * *

[COUNSEL FOR APPELLANT]: We need a decision on the new matter also because it determines the number of Plaintiffs that there are.

THE COURT: Fair enough, but do you agree with [counsel for Appellees] that it will basically be a decision, either with a number or whatever that says Plaintiffs' claim, Defendant's counterclaim, new matter, all of that is resolved by my decision?

[COUNSEL FOR APPELLANT]: Yes, I do.

[COUNSEL FOR APPELLEES]: Yes.

N.T. Summary Trial, 6/20/06, at 3–6.

¶ 6 In addition to submission of the certified record, counsel asked the trial court to also consider depositions of Appellant and Appellee Warfield. *Id.* at 7.[2] Appellant then also submitted an "Exhibit List"[3] and asked to provide brief testimony. *Id.* There was no objection by counsel for Appellees, and Appellant presented factual testimony (direct and cross-examination) about the parties' agreement and the events which occurred thereafter. The trial court directed counsel to file briefs and took the matter under advisement. *Id.* at 69–70.

¶ 7 On August 17, 2005, the trial court issued an opinion and order in which it describes the proceeding held June 20, 2005 as a "summary non-jury trial." Trial Court Opinion, 8/17/05, at 1, 9. It further set forth findings of fact and conclusions of law, determined that Appellant breached the agreement with Appellees, and dismissed the majority of Appellant's counterclaims. Accordingly, the trial court ordered Appellant to pay $61,523.76 to Appellees (the amount they sought less a $950 credit to Appellant for a set of stairs).

¶ 8 Appellant did not file post-trial motions and instead filed a notice of appeal from the August 17, 2005 order. He was directed to file a Rule 1925(b) statement and promptly complied. On appeal, he raises two of the issues which were presented in his Rule 1925(b) statement, namely:

I. Did the [trial] court err in calling this proceeding a summary trial instead of a summary judgment?

II. Did the [trial] court err in granting what amounted to a summary judgment holding that Mark Shermer was anything but the contact person?

Appellant's brief at 4.

¶ 9 We must begin by considering whether the appeal is properly before this Court. "[A] party must file post-trial motions from a trial court's decision and order following the conclusion of a trial." *Chalkey v. Roush,* 569 Pa. 462, 468, 805 A.2d 491, 495 (2002); *see also* Pa.R.C.P. 227.1(c). "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey* at 467 n. 9, 805 A.2d at 494 n. 9. "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enterprises, Inc.,* 551 Pa. 307, 710 A.2d 55 (1998). Accordingly, "our Court has consistently quashed appeals from orders or verdicts following non-jury trials when no post-trial motions were filed." *Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.,* 806 A.2d 423, 428 (Pa.Super.2002); *see also Cerniga v. Mon Valley Speed Boat Club, Inc.,* 862 A.2d 1272 (Pa.Super.2004).

¶ 10 Appellant submits, however, that this proceeding was not a non-jury trial and, thus, there was no requirement that post-trial motions be filed. Appellant's brief at 8–9. He suggests that the trial court instead erroneously rendered summary judgment despite the fact that no party ever moved for such relief. *Id.* at 9. Appellant further proposes that a remand is the appropriate disposition. *Id.*

¶ 11 We must agree with Appellant that the trial court did not have before it

---

**2.** Those depositions are not contained in the certified record and do not appear as entries on the docket.

**3.** The Exhibit List is also not contained in the certified record or on the docket.

and could not rule on a motion for summary judgment filed by either Appellant or Appellees, since no party so moved. *See Bensalem Township School District v. Commonwealth of Pennsylvania*, 518 Pa. 581, 585, 544 A.2d 1318, 1320 (1988)(explaining that "the courts' power to grant summary judgment [is limited to] those situations where 'the *moving party* is entitled to a judgment as a matter of law.' ")(citing Pa.R.C.P. 1035(b))(*see now* Pa.R.C.P. 1035.1–1035.3)(emphasis in original).[4] However, it is equally clear that the trial court did not make disposition of this case in the form of summary judgment.

¶ 12 The proceedings in this matter resemble those presented in *Ryan v. Gordon*, 451 Pa.Super. 459, 679 A.2d 1313 (1996). There, the appellant lessee leased a property on which the appellee lessors defaulted. The appellant placed his rental payments in escrow and refused to remit the money to the appellees after their mortgage obligation was satisfied. The appellees filed suit against the appellant seeking the money as rent owed, and the parties submitted briefs on the legal issues to the trial court, which found in favor of the appellees. The appellant filed a notice of appeal without filing post-trial motions.

¶ 13 This Court issued a rule to show cause on the question of what type of disposition had been made by the trial court, and, in response, the appellant suggested the case was decided on summary judgment. We concluded that the case could not be reviewed as one involving summary judgment since neither party had filed a motion seeking such relief. We further described the proceedings as a "hybrid" one between an adjudication upon a "case stated"[5] and a non-jury trial on stipulated facts.[6] Viewed either way, however, we found the appellant did not preserve his right to appeal. *Id.* at 1315–16.

■ ¶ 14 As in *Ryan*, we conclude there was no summary judgment here. Accordingly, we must now ascertain what type of proceeding was actually held to assess whether Appellant has preserved any issues on appeal. It appears that the parties and the trial court at first understood these proceedings would be conducted on a case stated basis. However, our Supreme Court abolished the case stated procedure by an amendment to the Rules of Civil Procedure in August 1996. *See* Pa.R.C.P. 1038.2, 42 Pa.C.S.A. (effective January 1, 1997). Instead, a case may be submitted to the trial court on stipulated facts and the "practice and procedure as far as practicable shall be in accordance with the rules governing a trial without a jury." Pa.R.C.P. 1038.1, 42 Pa.C.S.A.; *see also Triage, Inc. v. Prime Insurance Syndicate, Inc.*, 887 A.2d 303, 304 (Pa.Super.2005)(noting that the appeal from a judgment on a case stated basis was more accurately, after January 1, 1997, a "case submitted on stipulated facts."), appeal denied, 587 Pa. 699, 897 A.2d 460 (2006). This means that "orders following trials on stipulated facts must be treated just like orders following other trials, i.e., in both

---

**4.** *Cf. Roth Cash Register Co., Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1227 (Pa.Super.2005)(stating that, "It is at best unclear whether a Court of Common Pleas may grant, *sua sponte*, summary judgment.").

**5.** *See generally Penn v. Nationwide Insurance Co.*, 363 Pa.Super. 13, 525 A.2d 400, 401 (1986)(explaining that where a matter would be submitted on a "case stated" basis, "the

parties submit an agreed statement of facts and request entry of *judgment* by the court upon the facts stated. The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal, if the parties reserved the right to appeal in their agreed statement.").

**6.** See Pa.R.C.P. 1038.1, 42 Pa.C.S.A.

situations, parties who wish to appeal must first file post-trial motions." *Motorists Mutual Ins. Co. v. Pinkerton*, 574 Pa. 333, 343, 830 A.2d 958, 964 (2003); *see also* comment to Pa.R.C.P. 1038.1.; *Triage, Inc., supra* (observing that the appeal was from denial of post-trial motions). As such, even if we conclude this case was submitted on stipulated facts, Appellant was required to file post-trial motions to preserve his claim on appeal.

¶ 15 Furthermore, we find no error in the trial court's conclusion that these proceedings constituted a non-jury trial. The record reveals that the parties had requested a trial by jury but agreed to have it decided by the trial judge. Although counsel at first suggested the matter should be decided based on the existing record, Appellant presented testimony as well as certain exhibits and two deposition transcripts were also introduced. In all respects, this matter proceeded as a non-jury trial and the trial court's disposition is consistent with a non-jury verdict. Accordingly, in order to preserve any issues for appellate review, Appellant was required to file post-trial motions, and his failure to do so necessitates quashal.[7] *Diamond Reo Truck Co., supra.*

¶ 16 Appeal quashed.

---

7. We are also compelled to observe that even if we were to reach the merits of Appellant's substantive argument, he has failed to specify where in this record, if at all, he advanced before the trial court the theory posited in his brief in violation of Pa.R.A.P. 2117(c) and 2119(c); *see also* Pa.R.A.P. 302 (stating that, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). This omission is significant since, as noted, the certified record is incomplete. *See Kessler v. Broder*, 851 A.2d 944, 950 (Pa.Super.2004)(explaining that, "it re-mains the appellant's responsibility to ensure that a complete record is produced for appeal.... The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined.") (citation omitted). Appellant cites only to the complaint filed by Appellees and the trial court opinion, *see* Appellant's brief at 10–11, which simply does not establish his preservation of this claim before the trial court. As such this claim would be considered waived.