J-S55011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982) | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AISHA RHODES | |
| Appellant | No. 301 EDA 2016 |

Appeal from the Order Entered December 3, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130302766

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 11, 2016**

Aisha Rhodes appeals *pro se* from the trial court's order denying her post-trial motion after an *in rem* judgment was entered in favor of Appellee, U.S. Bank National Association ("US Bank") in this mortgage foreclosure action.  After careful review, we affirm.

On June 11, 2007, Rhodes purchased real property located at 6230 North Norwood Street, Philadelphia, PA, 19138; she executed a mortgage on the property with Sovereign Bank.  Sovereign Bank assigned the mortgage to the Pennsylvania Housing Finance Agency (PHFA) in June 2007.  On

_____

[*] Former Justice specially assigned to the Superior Court.

January 23, 2013, the PHFA assigned the mortgage to US Bank (trustee for PHFA). The assignments were duly recorded and the note bears an endorsement from Sovereign to PHFA and, later, from PHFA to US Bank. Rhodes allegedly stopped making monthly payments on the mortgage in August 2012. On August 22, 2012, US Bank filed a notice of intention to foreclose, indicating that Rhodes owed a principal balance of $59,811.76 on the mortgage.

On March 20, 2013, US Bank commenced the underlying mortgage foreclosure action against Rhodes. Rhodes filed a motion for summary judgment asserting that US Bank is not a creditor, lender, and mortgagor, cannot sue for a money judgment, and has not proven verification of the debt pursuant to 15 U.S.C. § 1692(G). The trial court denied Rhodes' summary judgment motion. On September 5, 2014, US Bank filed a motion for summary judgment which the trial court denied on November 6, 2014.

On December 29, 2014, Rhodes filed a motion to strike US Bank's complaint alleging that the court lacked subject matter jurisdiction; on January 29, 2015, the court granted the motion and struck US Bank's complaint in its entirety, without prejudice. US Bank filed a motion to reconsider the court's order; the court granted reconsideration, vacated its

prior order[1] striking US Bank's foreclosure complaint and relisted the case for trial.

Following a one-day non-jury trial,[2] the trial court entered an *in rem* judgment in favor of US Bank in the amount of $90,163.04, plus interest at the rate of $9.89/day from October 27, 2015 (date of judgment) until the date of the sheriff's sale. Rhodes filed post-trial motions claiming that the trial court lack subject matter jurisdiction in the matter. On December 3, 2015, the court denied the post-trial motions. Rhodes filed a timely notice of appeal on January 4, 2016, and a court-ordered Rule 1925(b) concise statement on February 18, 2016.

On appeal, Rhodes presents the following issues for our review:

(1)     Should the for [sic] alleged foreclosure judgment be vacated for failure of [US Bank] [to] invoke the trial court's jurisdiction?

(2)      Is [US Bank] a debt collector or secured party?

(3)     Can debt commence a foreclosure action?

(4)     Is [US Bank's] judgment obtained at bench trial void?

Rhodes' final three issues listed above have been waived due to her failure to include them in post-trial motions. *See* Pa.R.C.P. 227.1; Pa.R.A.P. 302(a); *Warfield v. Shermer*, 910 A.2d 734, 737 (Pa. Super. 2006) ("If an

---

[1] The court acknowledged that the prior order granting Rhodes' motion to strike the complaint was inadvertently signed.

[2] Rhodes did not appear for trial.

issue has not been raised in a post-trial motion, it is waived for appeal purposes."). Moreover, even though Rhodes has included some of these issues in her Rule 1925(b) statement, they are still considered waived on appeal. *See Diener Brick Co. v. Mastro Masonry Contractor*, 885 A.2d 1034 (Pa. Super. 2005) (raising issues in Rule 1925(b) statement is not adequate substitute for raising issues in post-trial motion).

In her remaining issue, Rhodes contends that the trial court lacked subject matter jurisdiction over the instant case where the matter is really a debt collection action, not a mortgage foreclosure action. Specifically, Rhodes contends that US Bank is a debt collector that assumed the debt on her mortgage from its lending predecessor, PHFA. Accordingly, she contends that US Bank is not a creditor under debt collection law because the bank is operating as someone "who receive[d] an assignment or transfer of a debt in default solely for the purpose of facilitating collection of [a] debt for another." 15 U.S.C. § 1692a(4).

Rhodes is mistaken in her characterization of the instant case as a debt collection matter brought pursuant to the Consumer Protection Law. US Bank is not a "person . . . facilitating the collection of [her] debt for another." *Id.* US Bank is both the assignee of Rhodes' mortgage and the holder in possession of the bank note and, therefore, qualifies as a plaintiff in a mortgage foreclosure action. The judgment obtained is against the land, not against Rhodes personally. *See Meco Realty Co. v. Burns*, 200 A.2d 869 (Pa. 1964) (judgment in mortgage foreclosure action is judgment

*in rem* and imposes no personal liability upon mortgagors against whom judgment obtained). Therefore, her issue is baseless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016