J-A20025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| DAWN KOONS-GILL | : : : | |
| Appellant | : : | No. 163 MDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2013-CV-6415

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 13, 2018**

Appellant, Dawn Koons-Gill, appeals from the order entered in the Lackawanna County Court of Common Pleas, granting declaratory relief in favor of Appellee, Selective Insurance Company of South Carolina ("SICSC"). We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was on duty as an emergency medical technician ("EMT") in an ambulance on June 11, 1993. Appellant's ambulance was involved in a car accident on that date, leaving her with myriad injuries. Appellant's employer carried insurance on its company vehicles under a policy with SICSC. Appellant filed a claim with SICSC for underinsured motorist coverage. The policy provided coverage of up to $35,000.00 on each company vehicle, with possible "stacked" coverage for qualifying claims. Stacked coverage combined

the $35,000.00 limit for each vehicle insured by Appellant's employer, for a total of $210,000.00. However, stacked coverage was only available to specific parties defined in the insurance contract. Appellant accepted a payment from SICSC of $35,000.00, and continued to pursue a claim for additional payment under the stacked coverage policy.

SICSC filed a complaint for declaratory judgment, which sought a declaration that Appellant was not entitled to stacked coverage. The parties stipulated to the facts, and appeared before the court for trial. The court issued a judgment pursuant to Pa.R.C.P. 1038.1, **Case Submitted on Stipulated Facts**, finding Appellant was not entitled to stacked coverage. Appellant did not file any post-trial motions, but instead filed a timely notice of appeal.

Pennsylvania Rule of Civil Procedure 227.1 states that a party shall file post-trial motions within ten days after the decision is filed in a non-jury trial. *See* Pa.R.C.P. 227.1(c)(2). Rule 227.1 "unequivocally mandates the filing of post-trial motions after either a jury or non-jury trial." *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (footnote omitted). Thus, the failure to file post-trial motions results in waiver of issues for appellate review. *See id*. *See also Warfield v. Shermer*, 910 A.2d 734, 737 (Pa. Super. 2006); 11 Standard Pennsylvania Practice 2d § 66:89, **Practice Tip** ("After the trial court enters an order granting declaratory relief which is deemed a 'judgment,' it is necessary to file posttrial motions in order to appeal.")

Appellant posits that, despite her acknowledged failure to file post-trial

motions, this Court should nevertheless hear her appeal. Appellant theorizes that since her case was decided on stipulated facts following oral argument, it did not constitute a trial.

Here, as noted, the trial court specifically issued its decision pursuant to Rule 1038.1. That rule expressly states "[a] case may be submitted on stipulated facts for decision by a judge without a jury. The practice and procedure as far as practicable shall be in accordance with the rules governing a trial without a jury." Pa.R.C.P. 1038.1. Thus, the rule clearly provides that cases submitted on stipulated facts are required to follow the same rules which govern non-jury trials. This includes the requirement to file post-trial motions. **See Warfield**, 910 A.2d at 739. Appellant's assertions to the contrary are unavailing.

In any event, despite our finding that Appellant's failure to file post-trial motions waived her issues for our review, had we reached the merits, we would not have hesitated to find Appellant would not be entitled to relief. We would have been unable to improve upon or offer additional legal reasoning than that set forth in the Honorable Terrance R. Nealon's well-written decision. **See** Memorandum and Order Pursuant to Pa.R.C.P. 1038.1, filed 12/14/16, at 1-15.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018