J-S23037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID J. MILLSTEIN T/D/B/A MILLSTEIN & KNUPP | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LAWRENCE R. BURNS, ESQUIRE | : : | |
| Appellant | : : | No. 1586 WDA 2018 |

Appeal from the Judgment Entered October 3, 2018
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  2866 of 2013

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          **FILED MAY 16, 2019**

This matter is an appeal filed by defendant Lawrence R. Burns, Esquire (Defendant), *pro se*, from an order of the Court of Common Pleas of Westmoreland County (trial court) entering judgment in favor of plaintiff David J. Millstein t/d/b/a Millstein & Knupp (Plaintiff) following a nonjury trial.  For the reasons set forth below, we affirm.

This case arises out of Defendant's failure to pay Plaintiff, an attorney, for Plaintiff's representation of Defendant in a criminal case.  On June 10, 2013, Plaintiff filed an action against Defendant seeking $32,187.05 in unpaid attorney fees and expenses from that representation.  The trial court held a bench trial on August 30, 2017, at which Plaintiff and Defendant testified.  At trial, Defendant did not dispute that Plaintiff represented him in the criminal case, that Plaintiff performed the hours of work at issue, and that he did not

_____
*   Retired Senior Judge assigned to the Superior Court.

pay Plaintiff for that work. N.T. at 32-33, 36-42. Defendant, however, contended that he did not agree to pay the $200 per hour rate billed by Plaintiff. *Id.*

On September 14, 2017, the trial court entered a decision finding that Defendant was liable to Plaintiff for the work Plaintiff performed under the doctrine of unjust enrichment and ordering Defendant to pay Plaintiff $17,760. Trial Court Opinion and Order at 4-7. Defendant filed no post-trial motions. Instead, Defendant filed a notice of appeal on October 12, 2017. On August 6, 2018, this Court quashed that appeal on the ground that entry of judgment on the trial court's verdict is a prerequisite to this Court's appellate jurisdiction and no judgment had been entered. *Millstein v. Burns*, 1527 WDA 2017, unpublished memorandum at 5-6 (Pa. Super. filed August 6, 2018).

Following the remittal of the record, the trial court entered judgment on the verdict on October 3, 2018. On November 2, 2018, Defendant timely filed the instant appeal.[1] On December 27, 2018, this Court entered an order quashing the appeal *sua sponte* on the ground that Defendant had not preserved any issues for review because he did not file post-trial motions following the verdict. Defendant sought reconsideration of this order, and on January 14, 2019, this Court reinstated the appeal and permitted it to proceed to briefing and consideration by a panel. In that order, however, the Court

---

[1] The trial court did not order, and Defendant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) in either this appeal or the 2017 appeal.

did not rule that Defendant had preserved any issues for review and specifically ordered that the reinstatement of the appeal

> is not binding upon this Court as a final determination as to the propriety of the appeal. The parties are advised that the issue may be revisited by the panel to be assigned to the case, and counsel should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning this issue.

Order, 1/14/19.

> Defendant raises the following issues for our review:
>
> 1) By not filing post-trial motions regarding the issue of the Court's Jurisdiction as seems to be required by Pa. R.C.P. 227.1, has the appellant waived the issue of the Jurisdiction of the Court on the Unjust Enrichment award?
>
> 2) Does a Court of Common Pleas commit error when it awarded monetary damages for UNJUST ENRICHMENT when no claim for Unjust Enrichment was contained as a Count in the written Complaint before the Court?
>
> 3) Is an award for Unjust Enrichment null and void when the Complaint contains no Count expressly claiming Unjust Enrichment and the Court has no Jurisdiction to award a judgement [*sic*] based on the principle of Unjust Enrichment?

Appellant's Br. at 5. We conclude that all of Defendant's claims on appeal are barred by waiver due to his failure to file any post-trial motion.

A party who seeks to challenge a trial court decision after a nonjury trial must file post-trial motions within ten days after the trial court's decision. Pa.R.C.P. 227.1(c) ("Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the

case of a trial without jury"); ***Chalkey v. Roush***, 805 A.2d 491, 494-95 (Pa. 2002); ***G & G Investors, LLC v. Phillips Simmons Real Estate Holdings, LLC***, 183 A.3d 472, 476-77 (Pa. Super. 2018). "Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in **any** type of action in order to preserve claims that the party wishes to raise on appeal." ***Chalkey***, 805 A.2d at 496 (emphasis in original). The law is clear that if an appellant fails to file post-trial motions following a nonjury trial, no issues are preserved for appellate review and any claims of trial court error are barred by waiver and cannot be considered by this Court. ***Chalkey***, 805 A.2d at 494-96; ***L.B. Foster Co. v. Lane Enterprises, Inc.***, 710 A.2d 55 (Pa. 1998); ***G & G Investors, LLC***, 183 A.3d at 476-78; ***Warfield v. Shermer***, 910 A.2d 734, 737-39 (Pa. Super. 2006); ***Treasure Lake Property Owners Association, Inc. v. Meyer***, 832 A.2d 477, 479-80 (Pa. Super. 2003); ***Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.***, 806 A.2d 423, 428-31 (Pa. Super. 2002).

Defendant argues that this waiver does not apply because the trial court allegedly lacked subject matter jurisdiction to award damages to Plaintiff under the doctrine of unjust enrichment. Because subject matter jurisdiction is not waivable and can be raised at any time, failure to file a post-trial motion does not bar an appellant from arguing on appeal that the trial court lacked subject matter jurisdiction over the action. ***Roman v. McGuire Memorial***, 127 A.3d 26, 30–31 (Pa. Super. 2015) (claim that trial court lacked jurisdiction

over claims under Prohibition of Excessive Overtime in Health Care Act, 43 P.S. §§ 932.1–932.6, because only remedy was administrative was not barred by failure to file post-trial motion). Defendant's contention that the trial court lacked jurisdiction, however, is without merit.

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented; a trial court has subject matter jurisdiction if it is competent to hear or determine controversies of the general nature of the matter before it, even if it cannot properly award relief in that particular case. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 551-53 (Pa. 2013); *Roman*, 127 A.3d at 29-30; *Estate of Gentry v. Diamond Rock Hill Realty, LLC*, 111 A.3d 194, 198 (Pa. Super. 2015). The cause of action on which the trial court awarded damages to Plaintiff, unjust enrichment, is within the subject matter jurisdiction of the courts of common pleas. 42 Pa.C.S. § 931(a) ("Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings"); *Beneficial Consumer Discount Co.*, 77 A.3d at 552 ("our Courts of Common Pleas have unlimited original jurisdiction over all proceedings in this Commonwealth, unless otherwise provided by law"); *Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 814-16 (Pa. Super. 2017) (court of common pleas had subject matter

jurisdiction to adjudicate unjust enrichment claim); *Stoloff v. Neiman Marcus Group, Inc.*, 24 A.3d 366, 372 (Pa. Super. 2011) (court of common pleas had subject matter jurisdiction over unjust enrichment claims).

None of the cases relied on by Defendant supports his contention that the trial court lacked subject matter jurisdiction here. Neither *Zawada v. Pennsylvania System Board of Adjustment*, 140 A.2d 335 (Pa. 1958), nor *Wiernik v. PHH U.S. Mortgage Corp.*, 736 A.2d 616 (Pa. Super. 1999), involved any issue of lack of subject matter jurisdiction. In both of these cases, the unjust enrichment claims failed on the merits, not on the ground that the trial court lacked power to award damages for unjust enrichment. *Zawada*, 140 A.2d at 339-41; *Wiernik*, 736 A.2d at 622. *Rieser v. Glukowsky*, 646 A.2d 1221 (Pa. Super. 1994), did not involve unjust enrichment or any claim that a court of common pleas lacks jurisdiction to award damages on a cause of action. Rather, the issue in *Rieser* was the trial court's authority to enter a judgment of *non pros* in a compulsory arbitration case in violation of the compulsory arbitration statute and the Pennsylvania Rules of Civil Procedure in effect at that time governing compulsory arbitration. *Id.* at 1224-28.

Because Defendant failed to file any post-trial motions and there is no valid claim that the trial court lacked subject matter jurisdiction, all of the

claims of error that he seeks to raise in this appeal are waived.  Accordingly,

we affirm the trial court's judgment.[2]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2019

---

[2] This Court has held that failure to file post-trial motions requires that the appeal be quashed.  **See, e.g.**, **Warfield**, 910 A.2d at 737, 739; **Diamond Reo Truck Co.**, 806 A.2d at 428-29, 431. Our Supreme Court has subsequently made clear, however, that because failure to file post-trial motions results in the waiver of all issues, not a jurisdictional defect in the appeal, this Court should affirm the trial court rather than quash the appeal. **In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007); **see also U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 999 n. 3 (Pa. Super. 2018).