J.S37032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAMELBACK RESORT, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PERCUDANI HOUSE III, LP., | : | No. 831 EDA 2020 |
| MOUNTAIN EDGE VILLAGE | : | |
| COMMUNITY ASSOCIATION | : | |

Appeal from the Order Entered January 23, 2020,
in the Court of Common Pleas of Monroe County
Civil Division at No. 2018-04221

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED DECEMBER 09, 2020**

Camelback Resort, LLC, appeals from the order entered on January 23, 2020, in the Monroe County Court of Common Pleas, following a non-jury trial on the parties' claims for declaratory relief.  For the following reasons, we quash this appeal.

Appellant has raised multiple claims challenging the trial court's determination that it did not have a right to erect and maintain a sign on a divider island located on the driveway easement utilized by the parties.[1]  (**See**

---

[1] Appellant is the owner of The Chateau Resort and Conference Center ("Resort") located in Tannersville, Pennsylvania.  Appellee, Mountain Edge Village Association ("Association"), owns property adjacent to the Resort.  The Resort and the Association both use the driveway located in the easement in question to access their respective properties, and a divider island separates the lanes of traffic on the driveway contained within the easement.

appellant's brief at 4.) Prior to addressing the merits of appellant's claims, however, we must determine whether it has properly preserved its claims for appellate review.

The record in this matter reflects that appellant failed to file post-trial motions following the culmination of the non-jury trial. Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part, that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). Rule 227.1 "unequivocally mandates the filing of post-trial motions after either a jury or non-jury trial." *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (footnote omitted). The "[f]ailure to raise an issue in a post-trial motion waives appellate review of the claim." *Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672, 682 (Pa.Super. 2014) (citation omitted); *see also Chalkey v. Roush*, 805 A.2d 491, 494 (Pa. 2002) (issues not raised by party in post-trial motions pursuant to Rule 227.1 will be deemed waived on appeal).

Appellant posits that since its case was decided on stipulated facts following oral argument and the submission of briefs, without the admission of any additional exhibits or testimony, the December 17, 2019 proceeding did not constitute a non-jury trial and was more akin to a motion for summary judgment. (*See* "Response to Rule to Show Cause," 4/24/20 at ¶¶ 3-5, 12-23.) We disagree.

Instantly, the record reveals that the parties were scheduled for a non-jury trial on December 17, 2019, and ultimately agreed at that proceeding to submit the issues to the trial court upon stipulated facts. (*See* notes of testimony, 12/17/19 at 2 ("THE COURT: I understand, gentlemen, you wish to actually stipulate to most everything or everything on the record, make argument, and submit briefs? [Appellant's Counsel]: That's correct, Your Honor.").) In all respects, this matter proceeded as a non-jury trial and the trial court's disposition is consistent with a non-jury verdict. The trial court issued its opinion and order on January 23, 2020, following oral argument and the submission of briefs, and it is evident that the parties knew that this would result in a final determination. (*Id.* at 3-8; *see also* trial court opinion and order, 1/23/20 at 1-12.)

It is well settled that a case may be submitted to the trial court on stipulated facts and the "practice and procedure as far as practicable shall be in accordance with the rules governing a trial without a jury." Pa.R.C.P. 1038.1. Thus, Rule 1038.1 clearly provides that cases submitted on stipulated facts are required to follow the same rules that govern non-jury trials. This includes the requirement to file post-trial motions. *See Warfield v. Shermer*, 910 A.2d 734, 739 (Pa.Super. 2006) (quashing an appeal where appellant failed to file post-trial motions, and noting that "orders following trials on stipulated facts must be treated just like orders following other trials, i.e., in both situations, **parties who wish to appeal must first file**

**post-trial motions**.” (internal citations omitted; emphasis added)), ***appeal***

***denied***, 921 A.2d 497 (Pa. 2007).  Appellant's assertions to the contrary are

unavailing.

Accordingly, in order to preserve its issues for appellate review, appellant was required to file post-trial motions by February 3, 2020. Appellant's failure to do so results in the waiver of its issues on appeal and necessitates that we quash this appeal.  ***See id.***

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/9/20</u>