J-S35035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| R.C. BOWMAN, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD C. BOWMAN, III | : | |
| | : | |
| Appellant | : | No. 417 MDA 2021 |

Appeal from the Order Entered March 2, 2021
In the Court of Common Pleas of Clinton County Civil Division at No(s):
1690-2019

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JANUARY 14, 2022**

Richard C. Bowman, III (Bowman III) appeals from the order entered in the Court of Common Pleas of Clinton County (trial court) granting R.C. Bowman, Inc.'s (R.C. Bowman) post-trial motion for contempt for his failure to comply with the verdict issued in replevin to return certain property within 30 days of the order.  We affirm in part and vacate in part.

The background facts of this matter are contentious and we recite only those necessary for this appeal from our independent review of the record and the trial court's December 4, 2020 and March 2, 2021 opinions.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

R.C. Bowman, Inc. was incorporated on April 19, 1999, with Richard C. Bowman, Jr., Robert K. Bowman (Rob Bowman), and Bowman III each having a one-third interest in said corporation. Rob Bowman and Bowman III are twin brothers and Richard C. Bowman, Jr. is their father. Bowman III was president, shareholder and employee of the corporation since its founding until a February 8, 2019 shareholders' meeting he failed to attend despite notice. At the meeting, because he received no nominations as a director or officer, he was removed as president. He remained an employee until his March 25, 2019 termination and continues to be a one-third shareholder.

It is undisputed that shortly after his removal as president, Bowman III took several items from his R.C. Bowman office without permission (Property). The Property included:

a. Corporate checks 15001 through 15024;

b. 2011 Chevrolet Crew Cub pickup truck;

c. Desk and couch;

d. Two chairs;

e. iPad;

f. Corporate safe;

g. Corporate vehicle titles, spare keys, and key box for vehicles;

h. Computer with two screens; and

i. Military medals.

(Joint Statement of Undisputed Facts, at Paragraph 19).[1]

On April 8, 2019, Bowman III established a new corporation, Richard C. Bowman, III, Inc. Since May 13, 2019, Richard C. Bowman, III, Inc., trading as Bowman Excavating, Paving and Concrete, has conducted a business in direct competition with R.C. Bowman, Inc.

On November 18, 2019, Bowman III filed a complaint against R.C. Bowman seeking to compel R.C. Bowman to produce the books and records for his inspection as shareholder at docket number 1576-2019. On December 12, 2019, R.C. Bowman filed a complaint setting forth five counts against Bowman III in this case at docket number 1690-2019: Count I: misappropriation of trade secrets pursuant to Pennsylvania's Uniform Trade Secrets Act (PUTSA);[2] Count II: Breach of fiduciary duty; Count III: Equitable relief; Count IV: Conversion; and Count V: Replevin. In the replevin count, R.C. Bowman sought the return of the Property. (*See* Complaint, 12/12/19, at 5) (pagination provided). In the replevin count, the one that is involved in this appeal, R.C. Bowman sought an order directing return of the Property. It did not seek damages.

---

[1] It is undisputed that the military medals were not owned by R.C. Bowman or part of the action. (*See* Statement of Undisputed Facts, at Paragraph 28).

[2] 12 Pa.C.S. §§ 5301-5308.

The trial court consolidated the two actions and a two-day non-jury trial commenced on October 15, 2020. The limited material facts underlying the replevin action were undisputed. Specifically, Bowman III agreed that he removed the Property without authorization and that it belonged to R.C. Bowman. (**See** Joint Statement of Undisputed Facts, at Paragraph 19); (RR 41a-44a). "[N]o evidence of damages was presented to [the] [c]ourt. Th[e] [c]ourt received no testimony as to cost of any of the [Property] nor the damages due R.C. Bowman, Inc." (Trial Court Opinion, 12/04/20, at 24); (**see id.** at 25) ("[A]bsolutely no evidence of money damages was offered by R.C. Bowman, Inc., at trial.").

On December 4, 2020, after thorough briefing by the parties, the trial court entered a verdict granting R.C. Bowman's action in replevin.[3] (**See** Opinion, 12/04/19, at 24). The court ordered that Bowman III was to return the Property and directed that "said return of property shall be arranged through counsel and shall be completed within thirty (30) days of the date of this Order." (Verdict, 12/14/20, at 3) (pagination provided). It did not set forth any other conditions or grant any damages.

_____

[3] The court's verdict also granted R.C. Bowman's claims for misappropriation of trade secrets as to a customer list and conversion. It denied the remainder of R.C. Bowman's claims and Bowman III's action to inspect the corporation's records. Bowman III appealed those decisions at docket numbers 415 MDA 2021 and 416 MDA 2021. They are not the subject of this appeal.

On the evening of December 24, 2020, Bowman III returned some of the Property. On December 28, 2020, R.C. Bowman filed a post-trial motion alleging Bowman III returned the Property "during torrential rains" and that the items were "substantially damaged or destroyed." (Post-Trial Motion by R.C. Bowman, Inc., 12/28/20, at Paragraph 6). The corporation conceded that "[s]ince the destruction of the personal property of R.C. Bowman Inc. occurred at a time when that property has been unlawfully taken and retained by Richard C. Bowman, III[,] … the proper claim for relief would be a new action for damages to personal property." (*Id.* at Paragraph 7). The court scheduled argument and a hearing for February 23, 2021.

On January 28, 2021, Bowman III filed a response in which he requested discovery and argued that a motion for contempt was an improper subject of a post-trial motion because the alleged damage was not discovered until after trial and, as conceded by R.C. Bowman, the damage to the Property created a new cause of action; thus, it was required to file a complaint providing Bowman III with notice of the allegations against him. (Response to Post-Trial Motions of R.C. Bowman, 1/28/21, at Paragraphs 3, 7, 10-12). On February 17, 2021, Bowman III inspected the Property.

After a hearing, the trial court explained the circumstances regarding the return of the Property and costs incurred by R.C. Bowman as follows:

> The return [of the Property] occurred on December 24, 2020, Christmas Eve, in the pouring rain with the items exposed to the weather. The two (2) chairs, the Corporate checks, and some of the vehicle titles were not returned. Although the computer was

returned, the hard drive was removed from the computer. R.C. Bowman, Inc. has complained through testimony from Robert K. Bowman that the following items were damaged: 2011 Chevrolet Crew Cab Pickup Truck, the couch, and the desk. R.C. Bowman, Inc. also alleged that Richard C. Bowman, III returned the Corporate safe, but the combination was not forwarded and R.C. Bowman, Inc. had to engage a locksmith to assist with the opening of the safe and the installation of a new combination for the safe.

… [R.C. Bowman] claimed the following damages:

   A. Locksmith cost - $85.00;

   B. Cost for duplicate titles concerning the titles that were not returned - $300.00;

   C. Cost to replace couch which was damaged - $5,000.00;

   D. Cost to replace chair[s] not returned - $3,000.00;

   E. Truck repair - $5,079.76; and

   F. Cost to refinish desk top - $235.07.

   Total - $13,699.83.

     This [c]ourt would note that Richard C. Bowman, III objected to the Exhibits that established the damages listed above [based on hearsay.] …

     These objections were sustained by this [c]ourt. However, this [c]ourt must note that no objection was raised to the testimony of Robert K. Bowman, who testified to said amounts. …

(Trial Court Opinion and Order, 3/02/21, at 3-4); (*See* N.T. Hearing, 2/23/21, at 21-30).

Counsel for Bowman III cross-examined Rob Bowman about the foregoing. On cross-examination, Rob Bowman stated that the damage to the nine-year-old pickup truck was not caused by the rain, but at some time while

in Bowman III's possession.  He conceded that he was not certain when the scratches and other body damage occurred; whether prior to Bowman III's termination and removal of the Property or thereafter.  He admitted that the couch and desk had been in R.C. Bowman's possession for approximately 18 years, that the desk could have been damaged before Bowman III removed it and he had no actual knowledge of what happened to the couch or if something was sprayed on it.  (**See** N.T. Hearing, at 31-42).

At the conclusion of the hearing, the court entered an order finding Bowman III in contempt of its December 4, 2020 order.  (**See** Trial Ct. Op., 3/02/21, at 3-4).  It directed that he could purge himself of the contempt by:

(a) Returning the hard drive of the computer;

(b) Returning the two (2) chairs; and

(c) Paying R.C. Bowman, Inc.:

   (1) $85.00 - locksmith cost[;]

   (2) $235.07 – refinish desktop;

   (3) $300.00 – duplicate title cost; and

   (4) $5,079.76 – truck repair cost.

$5,669.83 Total.

The court further ordered that Bowman III's failure to purge himself of contempt would result in the scheduling of a proceeding to impose sanctions.

(**See id.** at 4, 7-8). Bowman III timely appealed and filed a court-ordered statement of errors complained of on appeal.[4] **See** Pa.R.A.P. 1925.

On appeal, Bowman III argues that the trial court erred or abused its discretion in: (1) holding the evidentiary hearing; (2) finding him in contempt; and (3) awarding damages that were punitive, unreasonable, arbitrary and excessive.[5]

## II.

## A.

Bowman III first argues that "the relief sought by R.C. Bowman was not the proper subject of a post-trial motion" because it "did not seek relief from

---

[4] On May 11, 2021, this Court issued a rule to show cause order directing Bowman III to show cause why the appeal should not be quashed as taken from an interlocutory order where it directed him to purge himself within 30 days or the court would schedule a proceeding to impose sanctions. **See Lachat v. Hinchcliffe**, 769 A.2d 481, 488 (Pa. Super. 2001) ("Until sanctions are actually imposed by the trial court, an order declaring a party to be in contempt is interlocutory and not appealable.") (citation omitted). In his response, Bowman III argued that despite the order's language stating that sanctions would be imposed for further non-compliance, they already had been since it directed him to pay $5,699.83 for damages suffered because of his failure to comply with the December 4, 2020 order. (**See** Response to Rule to Show Cause Order, 5/17/21, at 2-3). We agree. **See Hinchcliffe**, **supra** at 488 (finding contempt order directing appellant "to make remedial payment" for costs incurred due to contemnor's actions imposed sanctions and was final and appealable). Thus, we will consider the merits of this appeal.

[5] "[A]ppellate review of a finding of contempt is limited to deciding whether the trial court abused its discretion." **Hinchcliffe**, **supra** at 487 (citation omitted).

the trial court concerning the conduct of the trial or the trial decision." (**Id.** at 20).

Pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure, after a trial, a party may file a motion seeking post-trial relief. **See** Pa.R.C.P. 227.1(a). The purpose for Rule 227.1 is "to provide the trial court with the opportunity to correct errors in its ruling and avert the need for appellate review." **Warfield v. Shermer**, 910 A.2d 734, 737 (Pa. Super. 2006), *appeal denied*, 921 A.2d 497 (Pa. 2007) (citation omitted). Toward that end, the court may order a new trial, direct the entry of judgment in favor of a party, remove a nonsuit, "affirm, modify or change the decision" or enter any other appropriate order. Pa.R.C.P. 227.1(a).[6]

In this case, R.C. Bowman's post-trial motions asserted, in pertinent part, that the "court included, in its Opinion and Order, a decision in favor of R.C. Bowman, Inc., in replevin [and] R.C. Bowman, Inc. seeks Post Trial Relief with regard to that decision, **limited to subsequent damage to that personal property**." (Post Trial Motions by R.C. Bowman, at Paragraph 3) (emphasis added). As can be seen, those motions are not asserting trial court error that would justify any of the remedies identified in Rule 227.1(b). While

---

[6] Although not raised by Bowman III, we note that "[a] motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." Rule 227.1, Note. Pursuant to the Crawford County Local Rules of Civil Procedure, an action for civil contempt is brought pursuant to petition practice. **See** CRAWFORD CTY CT RCP Rule 206.1(a).

the subsection allows a court to enter "any other appropriate order," such order would be filed to correct errors in the court's ruling or decisions made at trial. *See Shermer*, *supra* at 737. Because the post-trial motions on their face, alleged grounds and sought damages not contemplated by Rule 227.1, we agree with Bowman III that they were not the proper subject of a post-trial motion.[7]

Nonetheless, we note that, "[w]ith respect to civil contempt,[8] it is axiomatic that courts have always possessed the inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with said orders." *Wood v. Geisenhemer-Shaulis*, 827 A.2d 1204, 1207 (citation, bracket and internal quotation marks omitted). Although the motion to compel was filed improperly, if we vacate and remand, the practical effect would be the filing of the same petition for contempt. In the interest of judicial economy, where the December 4, 2020 order was entered after a full trial, Bowman III responded to the motion, he conducted an inspection of the alleged damages and his counsel appeared at the hearing and thoroughly

---

[7] R.C. Bowman fails to address how its motion was properly filed as part of a post-trial motion and as stated previously, it admitted that it should have been brought as a separate action since R.C. Bowman is making claims for damages that allegedly occurred after trial. (*See* R.C. Bowman's Brief, at 10-13); (Complaint, at Paragraph 5).

[8] It is undisputed that the contempt proceeding in this case was civil in nature. (*See* Trial Ct. Op., 3/02/21, at 4-5).

cross-examined Rob Bowman, we will consider this appeal's merits. **See**

**Diamond v. Diamond**, 792 A.2d 597, 601 (Pa. Super. 2002) ("Ordinarily,

due process requires a five-step procedure prior to a finding of civil contempt.

However, when the contempt proceedings are predicated on a violation of a

court order that followed a full hearing, due process requires no more than

notice of the violations alleged and an opportunity for explanation and

defense.") (citation and internal quotation marks omitted).

**B.**

"The order that forms the basis for the contempt process in civil

proceedings must be definitely and strictly construed." **Geisenhemer-**

**Shaulis**, **supra** at 1207 (citations omitted).

> In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate, by preponderance of the evidence, that the defendant is in noncompliance with a court order. However, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt.

> To be punished for contempt, a party must not only have violated a court order, but that order must have been definite, clear, and specific-leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct.

> Because the order forming the basis for civil contempt must be strictly construed, any ambiguities or omissions in the order must be construed in favor of the defendant. In such cases, a contradictory order or an order whose **specific terms** have not been violated will not serve as the basis for a finding of contempt.

> To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation

was volitional; and (3) that the contemnor acted with wrongful intent. A person may not be held in contempt of court for failing to obey an order that is too vague or that cannot be enforced.

*Lachat v. Hinchcliffe*, 769 A.2d 481, 488 (Pa. Super. 2001) (citations, quotation marks and some emphasis omitted).

In this case, the trial court found Bowman III in contempt because he:

[O]bviously was aware of the December 4, 2020 Order because Richard C. Bowman, III returned some of the items required by this [c]ourt to R.C. Bowman, Inc. Richard C. Bowman, III had previously stipulated that those were owned by R.C. Bowman, Inc., and that Richard C. Bowman, III had taken these items from the property of R.C. Bowman, Inc. Richard C. Bowman, III did not return other items and returned some items damaged. Richard C. Bowman, III at the proceeding on February 22, 2021 offered no defense to the allegations of R.C. Bowman, Inc. It is clear that Richard C. Bowman, III has violated this [c]ourt [o]rder. ….

(Trial Ct. Op., 3/02/21, at 5-6).

## C.

We first consider Bowman III's argument that the court abused its discretion in holding him in contempt because the December 4, 2020 order "was silent on the condition the property was to be returned" and "R.C. Bowman did not offer any evidence to demonstrate when the [P]roperty was damaged." (Bowman III's Brief, at 25, 26).

The December 4, 2020 court order directed that Bowman III "must return" the Property. (Order, at 3) (pagination provided). It stated further

that "[s]aid return of property shall be arranged through counsel[9] and shall be completed within thirty (30) days of the date of this [o]rder." (*Id.*).

We agree with Bowman III that there is no language in the court's order as to the condition of the Property to be returned, whether it was to be as it was prior to Bowman III's termination, as it existed at the time of trial or any other qualifying language. While it is logical to infer that the court's intent was that the Property be returned in the same condition that it was when Bowman III removed it, the court omitted any such qualifier from its order. Hence, strictly construing any omissions in the order in favor Bowman III, we cannot find that he was in contempt of the court's order for returning the Property in the condition he did. *See Hinchcliffe*, *supra* at 488.

We also note that Rob Bowman admitted that R.C. Bowman was moving for contempt due to the damage that occurred to the Property not only at the time it was returned in the rain. For example, he testified that the truck was damaged as if something sharp struck the doors and someone had sat on the roof. Its hood was scratched as if something had been thrown across it. The couch was stained by something being sprayed on it. (*See* N.T. Hearing, at

---

[9] Rob Bowman testified that the Property was returned without any notice. (*See* N.T. Hearing, at 25-27). However, the court does not mention this fact as a basis for its decision, and R.C. Bowman did not assert this as a ground for seeking a contempt finding or make any argument about it either at the hearing or in its brief to this Court. We do not make factual findings and will not develop an argument on behalf of a party. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012).

19, 21-30). However, to the extent that the damages could have been raised at trial, they are waived. "The failure of a party to present sufficient evidence before or during trial to support a decision in that party's favor cannot be cured by a motion filed pursuant to Rule 227.1. … where the new evidence cannot be characterized as after-discovered evidence[.]" *Claudio v. Dean Mach. Co.*, 831 A.2d 140, 145 (Pa. 2003) (citations omitted).

Here, as noted by Bowman III, R.C. Bowman had the right to inspect the Property during discovery for the underlying litigation pursuant to Rule 4009.31 and failed to do so. (*See* Bowman III's Brief, at 23-24); Pa.R.C.P. 4009.31. At the conclusion of trial, the court expressly found that R.C. Bowman provided no evidence of damages or costs and, therefore, it denied any monetary award. (*See* Trial Ct. Op., 12/04/20, at 24-25; Order, at 3). Because any damages that might have occurred prior to trial were required to be presented at the trial and R.C. Bowman failed to do so, they are waived, and the only damages R.C. Bowman **could** seek were those incurred post-trial. We agree that since any pre-trial damages were waived, the court should not have considered such evidence at the hearing.

In fact, even if such evidence were properly considered, Rob Bowman was unable to definitively say if the damage happened during Bowman III's unlawful possession, whether pre- or post-trial. He testified that R.C. Bowman possessed the couch and desk for 18 years and the truck for nine before Bowman III removed them when he left the company. Although he saw the

pertinent Property when he walked by it while it was in R.C. Bowman's possession, he was unable to say whether the damage occurred before or after it was in Bowman III's unlawful possession. (***See*** N.T. Hearing, at 31-38).

Based on all the foregoing, R.C. Bowman failed to prove that Bowman III was in contempt of the court's December 4, 2020 order because that order did not speak to the condition of the Property to be returned. Additionally, even assuming *arguendo* that the order did so, and the trial court properly considered waived evidence, Rob Bowman was unable to testify that the damage actually occurred while it was in Bowman III's possession. ***See Hinchcliffe***, ***supra*** at 488.

## D.

Bowman III next claims that "there was no evidence presented … and the trial court failed to make a finding[] that [his] act in not returning the hard drive and two office chairs was volitional and done with wrongful intent." (***Id.*** at 26).[10]

Although we are cognizant that a violation of an order alone is insufficient to prove contempt, "[t]his Court has previously acknowledged that intent can be difficult to prove directly because it is a subjective frame of mind." ***Commonwealth v. Faulk***, 928 A.2d 1061, 1070 (Pa. Super. 2007),

---

[10] R.C. Bowman's post-trial motion did not seek relief on the basis that R.C. Bowman failed to return some of the Property, only that when it was returned, it was damaged. (***See*** Post Trial Motions of R.C. Bowman, at Paragraph 6).

- 15 -

*appeal denied*, 944 A.2d 756 (Pa. 2008) (citation and internal quotation marks omitted). "Civil contempt may be proved by circumstantial evidence and logical inference from other facts. Wrongful intent can be inferred from circumstantial evidence." *Waggle v. Woodland Hills Assoc., Inc.*, 213 A.3d 397, 404 (Pa. Cmwlth. 2019) (citations, internal quotation marks and footnote omitted).[11]

It is undisputed that Bowman III was aware of the court's order. Further, at the February 22, 2021 hearing, Rob Bowman testified that the corporate checks, some titles, two chairs, the computer hard drive and the key box were not returned. (*See* N.T. Hearing, 2/22/21, at 19). This violated the plain language of the order directing Bowman III to return the Property and Bowman III did not provide any evidence or testimony to dispute Rob Bowman's representations.[12]

While we agree that Rob Bowman provided no express evidence that Bowman III acted volitionally and with the wrongful intent necessary to

---

[11] "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010).

[12] We are aware that the order directed return of the computer without expressly stating that it be returned with the hard drive and the corporate safe with its combination. However, returning a computer without a hard drive and a safe without a known combination is akin to not returning them at all because they are unusable.

support civil contempt when he failed to return items of R.C. Bowman's Property, such could be proven based on circumstantial evidence available to the court. *See Woodland Hills Assoc., Inc.*, *supra* at 404. The trial court was fully aware of the contentious nature of this litigation and the circumstances surrounding Bowman III's termination, having sat as the arbiter at the non-jury trial. The court's December 4, 2020 order expressly directed Bowman III to return the Property and he chose to return only some of it, in violation of that order. In consideration of the circumstances within the court's knowledge, we find that it properly exercised its discretion when it concluded that Bowman III acted volitionally and with wrongful intent when he failed to return all the Property. Bowman III's argument to the contrary lacks merit.

**E.**

In his final argument, Bowman III claims that the trial court abused its discretion in awarding punitive, unreasonable, arbitrary and excessive damages. (*See* Bowman III's Brief, at 27-28). Because of the damages we have already disallowed, the only remaining damages at issue are for $385.00 representing $85.00 for the cost incurred in obtaining a locksmith and $300.00 in duplicate title costs. Bowman III contends that the locksmith and replacement titles were unreasonable because R.C. Bowman did not ask him for the combination or the location of the titles after he failed to provide them. (*See id.* at 28). While those costs were incurred, there was no evidence

offered that a demand was made on Bowman III for the combination of the safe or the titles to the vehicle. Absent such evidence, Bowman III could not be held liable in contempt for those costs.

Accordingly, for the reasons set forth above, we affirm that portion of the trial court's March 2, 2021 order finding that Bowman III was in contempt for not returning two chairs and the computer hard drive to R.C. Bowman within 30 days of its December 4, 2020 order. However, we vacate that portion of that order directing Bowman III to pay $235.07 to refinish the desktop and $5,079.76 in truck repair costs, as well its directing Bowman III to pay $85.00 in locksmith costs and $300.00 in duplicate title costs.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Kunselman files a concurring/dissenting statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2022

- 18 -