IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Conrad Weiser Area School District   :
  :
v.   : No. 846 C.D. 2019
  : Argued: May 11, 2020
Wyomissing Area School District,   :
Appellant   :

Conrad Weiser Area School District,   :
Appellant   :
  :
v.   : No. 884 C.D. 2019
  :
Wyomissing Area School District   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON             FILED: June 16, 2020


Before this Court is the appeal of Conrad Weiser Area School District (CWASD) (Appellant) and the cross-appeal of Wyomissing Area School District (WASD) from the June 10, 2019 order of the Berks County Court of Common Pleas (Trial Court), granting in part and denying in part CWASD's request for a declaratory judgment.[1] The Trial Court ordered Wyomissing Area School District

---

[1] WASD filed a notice of appeal on or about July 3, 2019, and CWASD filed a cross-appeal on or about July 10, 2019. By order of August 16, 2019, pursuant to Pennsylvania Rule of

(WASD) (Appellee) to reimburse CWASD for the costs of educating twin brothers C.C. and N.C. (collectively, Students), born on December 5, 1997, to parents (Parents or, individually, Mother and Father) who currently reside within the boundaries of WASD, for the period August 1, 2016, through the end of the 2017 school year, and through March 5, 2018, for the 2017-2018 school year. The Trial Court also determined CWASD to be responsible for the costs of educating Students since March 5, 2018, and it apportioned the costs of transportation between the two districts.

## I.    Background

The parties submitted this matter for "Decision upon Stipulated Facts pursuant to Pa. R.C.P. [N]o. 1038.1" in the Trial Court. Reproduced Record (R.R.) 1A. They agreed to an extensive litany of detailed facts presented, in pertinent part, below.

Students are both profoundly disabled and have been diagnosed with cerebral palsy, epilepsy, autism, hydrocephalus, and developmental delays. Students require constant in-home medical care, personal care, and supervision. As a result of their disabilities, Students are entitled to receive special education services under the federal Individuals with Disabilities Education Act,[2] and both have individualized education plans (IEPs), which entitle them to receive specialized transportation services to and from school. R.R. at 9A.

_____

Appellate Procedure 2136, this Court consolidated the appeal and cross-appeal and designated CWASD as the Appellant in this matter. Appellant's Br. at 11-12; Pa. R.A.P. 2136.

[2] Individuals with Disabilities Education Act, 20 U.S.C. §1400 (2004).

At age five, Students moved in with caretakers, Mr. and Mrs. Young (referred to collectively as the Youngs). After providing services to Students in the home of their parents, the Youngs were hired by Supportive Concepts to live with and work for Students in a custom-built home. Since that time, the Youngs have provided daily care and oversight for Students. Between 2002 and 2016, the Youngs, the Youngs' biological children, and C.C. and N.C., lived together within the Wilson School District. R.R. at 10A.

By 2016, Mr. Young believed that Students needed a bigger house, and Mother and Father helped to purchase a home within the boundaries of CWASD. In July 2016, Mr. Young was still employed by Supportive Concepts. Mother and Father paid for adaptations to make the home accessible for Students. This property is a residential property, and the Youngs do not possess any license, permit, or other credential in order to live with and/or care for Students at the property. R.R. at 10A-11A. Since July 2016, Students have lived continuously with the Youngs within the boundaries of CWASD. R.R. at 10A. Students visit Mother and Father on weekends in Wyomissing, but they do not stay there overnight, except on major holidays. R.R. at 11A.

In July 2016, Mr. Young and Mother registered Students in the CWASD. R.R. at 12A. However, on August 4, 2016, CWASD wrote to Mother advising it would be dis-enrolling Students before the start of the 2016-2017 school year and providing an opportunity to challenge that decision at a school board

3

hearing. *Id.* On August 18, 2016, CWASD's solicitor contacted Mother to confirm the Board's decision to dis-enroll Students. *Id.*

On February 14, 2017, Mother and Father filed petitions with the Trial Court seeking to have the Youngs appointed as the plenary co-guardians of the persons of Students and themselves appointed as the plenary co-guardians of the estates of Students. R.R. at 14A.

On March 27, 2017, the Trial Court entered two final decrees appointing the Youngs as the plenary co-guardians of the persons of Students and Mother and Father as the plenary co-guardians of the Students' respective estates. *Id.* Since March 27, 2017, the Youngs have continued to live with and care for Students as their plenary co-guardians of their persons and are paid for living with and caring for Students on a full-time basis at the residence within the boundaries of CWASD. R.R. at 10A.

Both before and after the change in guardianship, Mother has attended the IEP meetings for Students to make educational decisions for them. R.R. at 14A. Mother and Mr. Young speak about Students' education several times per week, and Mother provides gluten-free and sugar-free foods for Students to consume at school. R.R. at 11A.

## II.    Procedural History

On July 23, 2018, CWASD filed a complaint in the Trial Court seeking a declaratory judgment against WASD alleging WASD was responsible for the cost of educating Students because their parents resided within the boundaries of WASD,

4

even though the Students continued to live with the Youngs within the boundaries of CWASD. On August 10, 2018, WASD filed an answer to CWASD's complaint.

On October 24, 2018, the Trial Court entered a scheduling order outlining the deadlines for the parties to complete discovery, to submit a stipulation of facts and legal briefs, and scheduling the date for legal arguments on the briefs, stating that "the Court shall hear argument on this matter on April 1, 2019." Supplemental Reproduced Record (S.R.R.) at 17b. In early February 2019, the parties jointly filed stipulations of fact, asking to file them under seal. On February 22, 2019, CWASD filed a motion for summary judgment with an accompanying brief. On March 8, 2019, WASD filed a brief in opposition to the motion for summary judgment. On April 1, 2019, when the parties appeared for argument, the Trial Court granted the motion to file the stipulations of fact under seal and "asked the parties . . . whether they would agree to submit this matter under Pa. R.C.P. [No.] 1038.1."[3] The parties agreed and made their legal arguments at that time.

On June 10, 2019, Trial Court Judge James M. Lillis entered an opinion and order regarding the request for declaratory judgment and determined that under Section 1302 of the Public School Code of 1949, 24 P.S. §13-1302,[4] CWASD was the district of residence for Students, effective March 29, 2017, as a result of the guardianship decrees. However, Trial Court found WASD was responsible for

---

[3] Rule 1038.1 of the Pennsylvania Rules of Civil Procedure reads: "Case Submitted on Stipulated Facts. A case may be submitted on stipulated facts for decision by a judge without a jury. The practice and procedure as far as practicable shall be in accordance with the rules governing a trial without jury." Pa. R.C.P. No. 1038.1.

[4] Act of March 10, 1949, P.L. 30, No. 14, *as amended*, 24 P.S. §13-1302.

paying the education and related transportation costs for Students until March 5, 2018.  Tr. Ct. Op. and Order at 1A-8A; Appellee's Br. at 5.

On July 3, 2019, WASD filed a Notice of Appeal from the Trial Court's opinion and order.  On July 10, 2019, CWASD filed a Notice of Cross-Appeal from same.  On July 11, 2019, the Trial Court directed the parties to file a statement of errors complained of on appeal.  Both parties complied, and on August 9, 2019, Judge Lillis issued a memorandum opinion reiterating the reasons for his June 10, 2019 opinion and order.  S.R.R. at 20b-22b.

On receipt of the aforementioned appeal, this Court issued the following order:

> NOW, August 14, 2019, upon review of this matter, it appears that the Wyomissing Area School District and the Conrad Weiser Area School District seek review of the June 10, 2019 order of the Court of Common Pleas of Berks County (trial court) that apportioned the educational and transportation costs of two students between the school districts.
>
> It further appears that the matter proceeded before the trial court pursuant to Pa. R.C.P. No. 1038.1 "Case Submitted on Stipulated Facts," which requires that the practice and procedures of a case submitted on stipulated facts proceed in accordance with the rules governing trial without a jury. To that end, Pennsylvania Rule of Civil Procedure 227.1(c)(2) requires that post-trial motions shall be filed within 10 days after the filing of a decision in the case of a trial without a jury. Pa. R.C.P. No. 227.1(c)(2).[5] In this case, it appears that neither school district filed post-trial

---

[5] Pa. R.C.P. No. 227.1 (c) reads:  "Post-trial motions shall be filed *within ten days* after

motions.

> Accordingly, the Wyomissing Area School District and the Conrad Weiser Area School District shall address in their principal briefs on the merits whether the parties preserved any issues for appellate review where they did not file post-trial motions within 10 days of trial court's June 10, 2019 order. *See Warfield v. Shermer*, 910 A.2d 734 (Pa. Super. 2006); *Treasure Lake Prop. Owners Ass'n v. Meyer*, 832 A.2d 477 (Pa. Super. 2003).

Commonwealth Court Order, 8/15/19.

## III.    The Parties' Arguments in Response to this Court's Order

Per our direction, both parties addressed the issue of whether any issues had been preserved, where neither party had filed any post-trial motions within 10 days as required.

CWASD acknowledged that "Judge James M. Lillis specifically noted at oral argument that the parties were proceeding under Rule [No.] 1038.1, and he further cited the rule in his Order and Opinion concluding the case. The parties were on notice of which rule controlled appellate procedure." Appellant's Br. at 19. In its brief, CWASD did not offer any argument other than "[t]o the extent that this Court finds that [WASD] has preserved its issues for appeal, it must also conclude that [CWASD] has preserved its issues. If WASD's Notice of Appeal was timely filed, CWASD's cross-appeal . . . is timely by default." Appellant's Br. at 19-20.

---

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or  *(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.*"

(Emphasis added.)

In its brief, WASD acknowledges that the Trial Court asked the parties to submit the matter pursuant to Pa. R.C.P. No. 1038.1 and that both parties agreed to do so. However, WASD asserts that the Trial Court's "actions after the argument did not reasonably place the parties on notice [that] Pa. R.C.P [No.] 227.1 was triggered . . . ." Appellee's Br. at 30. WASD contends that, unlike the *Warfield* case referenced in this Court's Order, the parties here presented the case for resolution via a motion for summary judgment which was never withdrawn, that the motion "cannot simply be ignored," and "[a]n order granting summary judgment in a declaratory judgment action, which resolved all claims as to all parties, is immediately appealable as a final order without the filing of post-trial motions." Appellee's Br. at 30-31. Further, WASD asserts that the Trial Court did not follow its own local rules regarding the scheduling of trials. It represents that these rules include a mandatory pre-trial conference for all civil trials, filing of a certificate for readiness for civil trial, the filing of a pre-trial conference memorandum, and an order scheduling a trial date, among other things. Appellee's Br. at 31. Citing *Allstate Insurance Company v. DeMichele*, 888 A.2d 834, 835 n.2 (Pa. Super. 1997), among other cases, WASD asserts that "[a]n order granting summary judgment in a declaratory judgment action, which resolved all claims as to all parties, is immediately appealable as a final order without the filing of post-trial motions." Appellee's Br. at 31.

In addition, WASD argues that, even if this Court views the Trial Court's proceedings "through the lens of Pa. R.C.P. [No.] 1038.1, it did not comport with the requirements for a trial without jury to the prejudice which created confusion about the nature of the proceedings." Appellee's Br. at 31-32. WASD

8

further contends that Trial Court did not render its decision within seven days after the conclusion of a trial, despite the requirements of Pa. R.C.P. No. 1038(c), which require a trial judge to "render a decision within seven days after the conclusion of the trial except in protracted cases or cases of extraordinary complexity." Appellee's Br. at 32. WASD adds that "the Trial Court's Opinion and Order and subsequent Memorandum Opinion made no mention, nor expressed an opinion that Pa. R.C.P. No. 227.1 was applicable here. Simply stated, the Trial Court's disposition of this matter did not reflect the traditional hallmarks of a non-jury trial, thus creating the impression that issues of liability were resolved by ruling on the summary judgment motion." Appellee's Br. at 32.

WASD argues that our Supreme Court's recent ruling in *Wolk v. School District of Lower Merion*, 197 A.3d 730 (Pa. 2018), makes it clear that courts of common pleas "must exercise caution when seeking to transform the purpose of a scheduled court proceeding into something entirely different in [the] name of judicial expediency," and that if a trial court "seeks to alter an argument on a dispositive motion into a procedural vehicle to issue a 'decision' in a non-jury case which triggers Pa. R.C.P. No. 227.1, it should take all reasonable steps to clearly communicate its intention to do so." Appellee's Br. at 32-33. WASD adds that "*Wolk*'s admonitions[6] are likewise applicable here where the Trial Court

---

[6] WASD offers the following quote from *Wolk*:

> We do recognize . . . that circumstances will arise in which the need for an actual trial is obviated after a hearing or hearings that may have been initially designed to address exigencies. In such instances, when a common pleas court enters an order or opinion in a non-jury case that disposes of the last remaining claims, it should specify that the hearing(s) are then deemed

9

transformed a motion for summary judgment argument into a case submitted on stipulated facts without prior advance notice or a clear and unambiguous written explanation in its Opinion and Order that post-trial motions will be required in order to preserve issues for appellate review." Appellee's Br. at 33.

## IV. Analysis

Upon review, we reject the notion that the proceedings and opinion and order of the Trial Court left any doubt as to the rule under which the present matter was decided or which post-trial rules should apply.

The parties acknowledge that Trial Court Judge Lillis asked them whether they would agree to have the matter decided pursuant to Rule No. 1038.1 and that both agreed. Neither of the parties states that it objected or that it raised any questions or concerns about how they were proceeding or its implications. The moving party on the motion for summary judgment, *i.e.*, CWASD, did not raise, and has not raised, any concerns, about the disposition of its motion. Further, the record includes an excerpt from the April 1, 2019 proceeding before Judge Lillis, in which he stated: "[w]e will put on the record that counsel have agreed this matter to be

---

to serve as the trial, explain that the present order incorporates the aspects of prior determinations that are material to the outcome, and clarify that post-trial motions are accordingly due. Where there remains ambiguities that are not addressed by such an opinion or order, the Civil Procedural Rules themselves, or 'clear decisional law,' the rules are not to be applied to the detriment of the litigants' substantive rights and entitlements, including the right to appeal.

*Wolk v. Sch. Dist. of Lower Merion*, 197 A.3d 730, 740-741 (Pa. 2018); Appellee's Br. at 32.

10

decided by the Court should be (sic) pursuant to [R]ule [No.] 1038.1 being a decision upon stipulated facts." R.R. at 19A. Not only does this statement reveal that the parties had agreed; it reveals that they specifically agreed to proceed under Rule No. 1038.1 – a *decision* upon stipulated facts. Nowhere does the term "motion for summary judgment" appear,[7] and at no point do the parties assert that said motion was referenced by Judge Lillis as part of the Trial Court proceedings. Further, and as noted by CWASD in its brief to this Court, in his June 10, 2019 opinion and order, Judge Lillis specifically stated that "[t]he parties have submitted the matter to this Court for Decision upon Stipulated Facts pursuant to [Pa. R.C.P.] [N]o. 1038.1." R.R. at 1A. Thus, at the point the parties received Judge Lillis's decision, they were on further notice that the post-trial requirements associated with a proceeding under Rule 1038.1 applied.[8] As such, WASD's assertions that there was any confusion about its need to file post-trial motions are wanting.

WASD relies on our Supreme Court's opinion in *Wolk* to support its position that the Trial Court's actions in the present matter were confusing enough

---

[7] In fact, the term "motion for summary judgment" is also absent from Trial Court Judge Lillis's June 2019 Opinion and Order, *i.e.*, R.R. at 1A-8A, and in his August 9, 2019 Memorandum Opinion, which includes a recitation of the errors asserted by WASD in its July 16, 2019 "Concise Statement of Errors Complained of on Appeal." S.R.R. at 20b-22b.

[8] As we noted above, WASD asserts that the Trial Court did not follow its own local rules regarding the scheduling of trials, such as mandatory pre-trial conferences, filing of a certificate for readiness, filing of a pre-trial conference memorandum, and issuing an order scheduling a trial date. However, there is nothing in the record to suggest WASD raised any questions or concerns in this regard during the April 1, 2019 oral argument before the Trial Court or in its Concise Statement of Errors Complained of on Appeal filed on July 16, 2019. R.R. at 19A; S.R.R. at 20b-21b. Thus, it seems disingenuous to us that WASD now suggests that the manner in which the Trial Court proceeded was unclear or confusing to it in some fashion when its legal counsel specifically "agreed [to have] this matter to be decided by the Court . . . pursuant to rule 1038.1 being a decision upon stipulated facts." R.R. at 19A.

11

to have left remaining ambiguities and, thus, to deny WASD its direct appeal to this Court, would impair its substantive rights. However, where the reference to Rule No. 1038.1 appears exclusively and consistently in the transcript of the argument before Trial Court Judge Lillis, as well as in his opinion and order, we see no such ambiguities. R.R. at 19A.

In *Warfield*, our Superior Court determined that "orders following trials on stipulated facts must be treated just like orders following other trials, *i.e.*, in both situations, parties who wish to appeal must first file post-trial motions." *Warfield*, 910 A.2d at 738-739 (citing *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003)). In *Warfield*, the Superior Court also noted that "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Warfield*, 910 A.2d at 737 (citing *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002)). The Superior Court further stated in *Warfield* that "our Court has consistently quashed appeals from orders or verdicts following non-jury trials when no post-trial motions were filed." *Warfield*, *910 A.2d* at 737 (citing *Diamond Reo Truck Co., v. Mid-Pac. Indus., Inc.*, 806 A.2d 423, 428 (Pa. Super. 2002)).

In *Treasure Lake Property Owners Association, Inc. v. Meyer*, 832 A.2d 477, 479-480 (Pa. Super. 2003), our Superior Court noted that "all of [a]ppellant's" issues are waived for failure to file post-trial motions. Pa. R.C.P. No. 1038.1 provides that for trials based on stipulated facts, "the practice and procedure as far as practicable shall be in accordance with the rules governing a trial without jury." Such rules include the rules governing post-trial motion practice. Post-trial

motions shall be filed within 10 days of the filing of the decision in a non-jury trial. The Superior Court added "[g]rounds for relief which are not specified in post-trial motions are waived on appeal." *Treasure Lake Prop. Owners Ass'n*, 832 A.2d at 480 (citing *Chalkey*, 805 A.2d at 496).

In the matter before us, as in *Warfield*, "the parties . . . agreed to have [the matter] decided by the trial judge. . . . In all respects, this matter proceeded as a non-jury trial and the trial court's disposition is consistent with a non-jury verdict." *Id.* at 739. Accordingly, the parties were required to file post-trial motions within 10 days of Judge Lillis's order before appealing to this Court. Given that neither party filed any post-trial motions pursuant to Pa. R.C.P. No. 227.1(c), the appeals are dismissed. Thus, we do not reach any of the substantive matters raised by the parties in their respective appeal and cross-appeal.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Conrad Weiser Area School District   :
  :
v.                         :   No. 846 C.D. 2019
  :
Wyomissing Area School District,   :
             Appellant   :

Conrad Weiser Area School District,   :   No. 884 C.D. 2019
             Appellant   :
  :
v.                         :
  :
Wyomissing Area School District   :

## **O R D E R**

**AND NOW**, this 16th day of June 2020, the Appeal and Cross-Appeal filed in this matter are **DISMISSED**.

_____
J. ANDREW CROMPTON, Judge